[L. A. No. 7518. In Bank.—March 10, 1923.]

## P. M. CROCKETT, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — DUAL EMPLOYMENT — APPLICATION OF LAW.—Employment may be dual in character. In so far as the employee acts in one capacity, he may be within the provisions of the Compensation Act; and in so far as he works in another capacity, his employment will be exempt from its provisions.

[2] ID.— EXCLUDED EMPLOYMENT — FINDING OF COMMISSION — JURISDICTION.—Whether or not, at the time of his injury, an employee was engaged in an excluded employment is a question of fact to be determined by the Industrial Accident Commission; and its finding, if supported by any rational view of the evidence, is beyond review by the courts.

[3] ID.—REVIEW OF AWARD—SUFFICIENCY OF EVIDENCE.—In this proceeding to review an award of the Industrial Accident Commission for injury to an eye of an employee, it is held that in the light of the testimony it cannot be said that the conclusion of fact was an unreasonable or improper one; that at the time of the injury the employee was performing services growing out of and incidental to his employment, and was acting within the course of his employment, as found by the commission, and that the injury was proximately caused thereby, on which basis the employee was entitled to compensation.

---

2. Occupations or employments within purview of Workmen's Compensation Act, notes, **Ann. Cas.** 1917D, 4, 33, 38, 39, 42.

3. Injuries arising "out of and in the course of" employment within meaning of Workmen's Compensation Acts, notes, **Ann. Cas.** 1917E, 321, 332; **Ann. Cas.** 1918B, 362; **Ann. Cas.** 1918D, 683; **Ann.** Cas. 1918E, 813, 1168; **L. R. A.** 1918F, 896.

What constitutes loss of eyesight within meaning of act, note, **Ann. Cas.** 1918A, 533.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Fred A. Watkins for Petitioner.

A. E. Graupner for Respondents.

WASTE, J.—Petitioner is here seeking an annulment of an award of the Industrial Accident Commission. An application for an adjustment of claim having been filed, the commission found that ''J. B. Smith, applicant, while employed as a carpenter on November 2, 1920, at Los Angeles, by defendant, P. M. Crockett, sustained injury occurring in the course of and arising out of his employment, as follows: While sweeping down some walls in defendant's residence at the request of defendant's wife, a foreign body entered his eye, resulting in ulceration and complete loss of sight of right eye.'' As, at the time of the injury, both the employer and employee were subject to the provisions of the Workmen's Compensation Act, an award was made in favor of the applicant in the amount of $2,041, with an additional sum for medical expenses.

The circumstances surrounding the employment and injury, as found by the commission, were as follows: Crockett, the employer, was engaged in converting a barn into a residence. He hired Smith as a carpenter to assist him in that work. Crockett and his family occupied the structure as a residence during the time the alterations were being made, the structure not being entirely habitable until the completion of the alterations. The contract of hire, contemplating employment for more than ten working days, and at a labor cost of more than one hundred dollars, was not, therefore, casual in its nature. In the course of his employment, Crockett directed Smith to comply with any orders or directions which might be given him by Mrs. Crockett, petitioner's wife. It appears that during the progress of the work, while the principal task assigned to Smith was that of carpentry, yet, due to the fact that he was the only man employed upon the place, he was called upon by Crockett to do a number of incidental jobs which would ordinarily, on

a larger job, be performed by someone else. The record shows that Smith frequently went to a near-by lumber-yard and transported lumber on his shoulders from that yard to the place where he was working. He cleaned up the debris which accumulated as the old portions of the barn were torn down. He also cleaned up the litter from the work performed by him. Under Crockett's specific orders he assisted in unloading a wagon of furniture, and on an occasion other than that of the time of the injury, under Crockett's specific direction, he cleaned cobwebs from the studding. On the day that the injury occurred Crockett, having an errand elsewhere, left the place, but, before going, gave Smith certain specific instructions as to carpentry work he wished performed, and then directed Smith to do whatever Mrs. Crockett might demand of him. While Smith was engaged upon the carpentry work Mrs. Crockett stated to him that she wished to move the cooking-stove from the yard into the building, and asked him to clean away cobwebs and dirt which covered the floor joists above the place where the stove was to be set. She gave Smith a long-handled broom and showed him where she wished the sweeping of the joists to be done. Smith accordingly undertook the task, and while engaged therein some dirt or foreign substance fell into his right eye, which resulted in the injury complained of.

[1] Employment may be dual in character. In so far as the employee acts in one capacity, he may be within the provisions of the Compensation Act; and in so far as he works in another capacity, his employment will be exempt from its provisions. (*George* v. *Industrial Acc. Com.*, 178 Cal. 733 [174 Pac. 653] ; *Kramer* v. *Industrial Acc. Com.*, 31 Cal. App. 673, 677 [161 Pac. 278].)

On the theory that the facts narrated present such a case, the petitioner contends that when Smith stopped his carpentry work and began sweeping off the floor joists he departed from his regular duties and engaged in household domestic service, and, therefore, under the rule of excluded employments contained in section 8 of the Workmen's Compensation Act, he is not entitled to any recompense for his injury.

The petitioner relies upon the two decisions last cited. In the first, George was employed as janitor and gardener. He was injured while trimming a tree. The commission found

that it was while he was solely employed in doing a gardener's work that he was injured, and therefore not subject to compensation under the act because engaged in horticultural labor. In the second case, the applicant was engaged in the capacity of a janitor for a dancing-hall and as a gardener to look after and care for the grounds. He was injured while pruning a tree, and the commission concluded that he also was not entitled to the benefit of the act because engaged in horticultural labor. These cases are not in point under the facts here. When Crockett hired Smith, he had in contemplation the remodeling and reconstruction of the old barn. While Smith was by occupation a carpenter, events prove that it was the real intention of Crockett that Smith should do whatever was necessary and incidental to the work at hand. The findings and conclusions of the commission on questions of fact are conclusive and binding, and are not subject to review. [2] Whether or not, at the time of his injury, Smith was engaged in an excluded employment was a question of fact to be determined by the commission. Its finding, if supported by any rational view of the evidence, is beyond review here. (*George* v. *Industrial Acc. Com.*, 178 Cal. 733, 735.) [3] In the light of the testimony in the record, it cannot be said that the conclusion of fact in this case was an unreasonable or improper one. At the time of the injury Smith was performing services growing out of and incidental to his employment. He was acting within the course of his employment, as found by the commission, and the injury was proximately caused thereby. On this basis he was entitled to compensation. (Workmen's Compensation etc. Act, sec. 6, Stats. 1919, p. 912.)

Petitioner claims that there is no evidence to support the finding of complete loss of the sight of the eye. The eye injured was "the master eye." The specialist, who examined and treated the applicant, testified that the injury caused an infected ulcer of the cornea, and resulted in the loss of vision of the right eye. He thought the patient could distinguish light. From the certificate of permanent disability filed with the commission by the same specialist, when the maximum restoration of the function of the injured eye had been attained, it appears that Smith has no acuteness of sight for far, near, or any working distance.

He has vision of objects only. Glasses will afford no relief for the injured eye. The evidence fairly and substantially supports the finding of the commission.

The award is affirmed.

Kerrigan, J., Lennon, J., Myers, J., Lawlor, J., Seawell, J., and Wilbur, C. J., concurred.