(114 So. 194)

## PRAYTHER v. DEEPWATER COAL & IRON CO. (6 Div. 969.)

Supreme Court of Alabama. Oct. 20, 1927.

**1. Master and servant ⬤⟶371—Whether injury arose out of and in course of employment depends on particular facts.**

Solution of question whether injury arose out of and in course of employment depends upon particular facts and circumstances of case.

**2. Master and servant ⬤⟶375(1)—Injuries sustained after working hours, while feeding claimant's mules, did not arise out of and in course of employment (Code 1923, § 7596, subd. [j]).**

Where claimant had contract with mining company to haul timber to mines for which he was paid so much per stack or per load, and furnished his own mules and wagon and lived at home, injuries sustained while feeding mules at home, after having completed work for day, did not arise out of and in course of employment, under Code 1923, § 7596, subd. (j).

Petition of Lee Prayther for certiorari to the circuit court of Walker county to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by petitioner against the Deepwater Coal & Iron Company. Writ denied; judgment affirmed.

Sowell & Gunn, of Jasper, for appellant.

Counsel argue that the trial court erred in its finding that the accident to petitioner did not arise out of and in the course of his employment, citing Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; House v. L. & N., 208 Ala. 216, 94 So. 289; Ex parte Terry, 211 Ala. 418, 100 So. 768; Jett v. Turner, 215 Ala. 352, 110 So. 702; Dick v. Gravel Logging Co., 152 La. 993, 95 So. 99; Burt v. Davis-Wood L. Co., 157 La. 111, 102 So. 87; Bristol & G. Co. v. Ind. Comm., 292 Ill. 16, 126 N. E. 599; Root v. Shadholdt, 195 Iowa, 1225, 193 N. W. 634; Herron v. Coolsaet Bros., 158 Minn. 522, 198 N. W. 134; Punches v. Amer. Box Co., 216 Mich. 342, 185 N. W. 758.

Arthur Fite, of Jasper, for appellee.

Petitioner was not engaged in the work of his employment at the time of his injury, and his injury did not arise out of the course of his employment. Ex parte Amer. Fuel Co., 210 Ala. 229, 97 So. 711; Ex parte Taylor, 213 Ala. 282, 104 So. 527; Morey v. Battle Creek, 229 Mich. 650, 202 N. W. 925, 38 A. L. R. 1039; Jacobson v. Dist. Const., 144 Minn. 259, 175 N. W. 110.

GARDNER, J. Certiorari proceeding to review the judgment of the circuit court denying to appellant compensation under the Workmen's Compensation Law. Section 7534 et seq., Code of 1923.

[1] The sole question presented is whether

the injury arose out of and in the course of the employment. The solution of questions of this character must depend upon the particular facts and circumstances. "No exact formula can be laid down which will automatically solve every case." Benoit Coal Min. Co. v. Moore, 215 Ala. 222, 109 So. 879.

Our statute contains some restrictive features which have been frequently considered by this court. Section 7596, Code of 1923, subd. (j); Jett v. Turner, 215 Ala. 352, 110 So. 702; Ex parte Am. Fuel Co., 210 Ala. 229, 97 So. 711; Ex parte Taylor, 213 Ala. 282, 104 So. 527. The provisions of subdivision (j) have been discussed in the above-cited authorities and need no repetition here, but for convenience the same is here quoted:

"*Personal Injuries, etc.*—Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the accident, and during the hours of service as such workmen. * * *"

The facts of the instant case here pertinent are as follows: Prayther (petitioner) had a contract with the Deepwater Coal & Iron Corporation for cutting and hauling timber to its mines for which he was paid so much per stack, and other hauling for which he was paid by the load or "shift." He owned his own mules and wagon and lived at his own home, one-fourth of a mile from the mines. On the day of the injury he had only hauled one load to the mines, had quit work, and gone to his home. He left the mines just before the miners quit work, which is the hour of 3:30 in the afternoon during the summer season. Prayther, upon reaching home, carried the mules for water to the branch, and brought them back to his stable to be fed. Three of them had been fed, and he then went to the stable to feed the fourth mule. This was between 4 and 5 o'clock in the afternoon, and as he went to the fourth mule (which had not been worked on that day) he received a serious, permanent injury from a kick by this mule. The details are here unnecessary to relate. It is to be noted that Prayther furnished the mules, wagon, and labor, kept his teams, and attended thereto himself at his own home, and at the time of the injury had completed his work for the day, and merely engaged in feeding his mules. So far as this record indicates, the defendant had no interest in the mules or any connection with their care.

A case more directly in point is that of State ex rel. Jacobson v. District Court, 144 Minn. 259, 175 N. W. 110, where the workman, as here, furnished his team and labor at an agreed compensation and cared for his team at his own expense. The day's work was done, the horses fed, and after supper he went to the stable to doctor one of the horses and was killed by one of them. The language of the court, in discussing the question here presented, is so directly pertinent to the instant case that we take from the opinion the following excerpt:

"The facts stated give no right to compensation. The plaintiff's work for the day was done. He was not to do service for the city until the next morning. The horses were his and he fed and cared for them and furnished them and his wagon ready for work at a definite time. The accident did not arise out of his employment any more than would an accident which came while he was repairing his wagon or while doing other work in preparation for his next day's work for the city. The relator cites cases where a teamster, injured while caring for his horses after their work for the day was done, was allowed compensation. * * * They involve situations where a teamster was doing work for his employer in the care of his employer's team and as a part of the work for his employer. In none of them did the employé furnish his team ready for work, and receive an injury while caring for it out of the work hours for his employer. The distinction is obvious and basic."

See, also, Morey v. Battle Creek, 38 A. L. R. 1039, note.

Our authorities are in harmony with this holding. Ex parte Taylor, supra; Ex parte Amer. Fuel Co., supra; Ex parte L. & N. R. R. Co., 208 Ala. 216, 94 So. 289.

Counsel for appellant lay stress upon Jett v. Turner, 215 Ala. 352, 110 So. 702, but that case is readily distinguishable, as there the employee was being transported from his place of work to his home by the employer as a part of the contract of employment.

The case of Morey v. Battle Creek, supra, also distinguishes that of Punches v. Amer. Box Board Co., 216 Mich. 342, 185 N. W. 758, relied upon by appellant here, noting the fact that in that case Punches, when injured, was in control of the team in direct line of his duty. As was stated in that case, "driving and tending this team was the work decedent was paid for."

[2] Further discussion is unnecessary. Appellant suffered a deplorable accident, but we think it clear from the undisputed proof that his injuries did not arise out of and in the course of his employment.

The judgment of the trial court is correct and will accordingly be here affirmed.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.