(117 So. 650)

## VICKERS v. ALABAMA POWER CO.
### (3 Div. 836.)

June 28, 1928.

108

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Steiner, Crum & Weil, of Montgomery, for appellee.

SOMERVILLE, J. The sole question to be determined in this case is whether the workman's injury was one "arising out of and in the course of his empoyment."

We epitomize and restate those facts which we think are of especial significance as follows:

(1) Plaintiff was injured during his period of service, but not while engaged in doing anything he was directly employed to do.

(2) He was not the custodian of any tools or other property of his employer, though he carried *on his person* a pair of pliers and a screwdriver, the necessity for which does not appear.

(3) He asked for the use of a locker for his belongings, but was told he must wait until one of those in use became vacant.

(4) At about 11 o'clock p. m., he went out and back to a workroom belonging to his employer, where was kept a power-propelled machine used for cutting down and dressing lumber. None of the duties of his employment ever required his presence in this workroom, and he had no permission to go there on this occasion, though not forbidden to do so.

(5) He undertook to construct *for himself* a tool box in which to keep his tools and clothing, and, while using the dressing machine in that employment, his fingers were drawn into the cutting blades and several of them were injured.

■ Plaintiff's contention is that the construction of this tool box was a reasonable necessity in the proper performance of the ordinary duties of his employment; or that it was reasonably related to those duties, and in good faith done in the furtherance of his employer's business.

These are, indeed, tests by which courts determine whether or not a resulting injury is one "arising out of" the workmen's employment, within the operation of the Compensation Law (Laws 1919, p. 206). Ex parte Terry, 211 Ala. 418, 100 So. 768; Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; State ex rel. Duluth, etc., Co. v. District Court, 129 Minn. 176, 151 N. W. 912. Sometimes it is more broadly stated that:

"The accident causing the injury must arise out of work or business being done for the master either by direct or implied authority." State ex rel. Duluth, etc., Co. v. District Court, supra.

In that case it was said that the finding of the trial court in favor of the workman ought not to be disturbed, unless it is clear "that the ordinary servant, in the same situation, would have no reasonable justification for believing that what he undertook to do when injured was within the scope of his implied duties."

Again it is said that, if the work being done at the time of the accident may properly be regarded as within the *ordinary expectation or contemplation* of the parties, as being necessary or proper for the employee to do, to aid in carrying out, either directly or indirectly, the main purpose or business of the employer, even though the workman steps aside from his usual work to do it, the accident may be said to be one arising out of his employment. Wendt v. Ind. Ins. Commission, 80 Wash. 111, 141 P. 311; Hartz v. Hartford, etc., Co., 90 Conn. 539, 97 A. 1020.

Another often quoted statement is that, in order to reach that conclusion, "the rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment and not by some other agency." Madden's Case, 222 Mass. 487, 495, 111 N. E. 379, 383 (L. R. A. 1916D, 1000).

■ These statements of the law are all serviceable in reaching a conclusion upon the facts of each individual case. Their application to the facts found by the circuit court in this case must lead, we think, to the clear conclusion that the judgment of the court denying compensation is logically and legally correct, and cannot be set aside on appeal.

It cannot be fairly said that the construction of this tool box was for any other purpose than to suit the convenience or the fancy of the workman. It was not for the protection of his employer's property, but of his own; nor does it appear to have been reasonably necessary *even for that*. It cannot be fairly said that such an undertaking was an

incident of his employment, or that it was in "the ordinary expectation or contemplation of the parties." Nor can it be fairly said that the workman was justified in believing that it was "within the scope of his implied duties," particularly in view of the employer's statement to the workman that he was not to have a locker until one should become vacant. Very emphatically, it could not have been contemplated or implied that the workman should resort to the use of a dangerous and unfamiliar piece of machinery for such a purpose. And, finally, we are unable to see that this undertaking, had it been completed, would have aided or furthered the employer's business in any way or to any extent. The tests all fail, and the least that can be said is that the conclusion of the circuit court is fairly supported by every reasonable inference from the ascertained facts.

The decisions relied upon by appellant all present exceptional phases, which justify the conclusions reached by the trial courts, or which, at least, support them *on appeal*—for which purpose any favoring evidence or inference will suffice.

We feel bound to affirm the judgment in this case, and it is so affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.