(117 So. 755)

## SLOSS–SHEFFIELD STEEL & IRON CO. v. HARRIS. (6 Div. 994.)

Supreme Court of Alabama.   June 28, 1928.

Bradley, Baldwin, All & White, W. M. Neal, and S. M. Bronaugh, all of Birmingham, for appellant.

S. R. Hartley, of Birmingham, for appellee.

SOMERVILLE, J. Subdivision (j) of section 7596 of the Code (Workmen's Compensation Act) declares:

"*Personal Injuries, etc.*—Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: * * * [It] shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment."

We have several times discussed and applied this provision of the law. Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Terry, 211 Ala. 418, 100 So. 768; Martin v. Sloss-Sheffield S. & I. Co., 216 Ala. 500, 113 So. 578. As noted in the Garrett and Coleman Cases, supra, it expresses a limitation upon the phrase "arising out of" the employment which has been substantially declared by most of the courts as a logical limitation without the coercion of a statutory definition like ours. 15 A. L. R. 594–596; 21 A. L. R. 758.

In Ex parte Coleman, supra, we said:

"The burden is on the plaintiff to reasonably satisfy the trial court that the accident arose out of and in the course of the workman's employment, and, where there is any substantial legal evidence in support of the finding of the trial court, the judgment, whether affirmative or negative, will not be disturbed on appeal. From the fact alone of a wilful assault upon the workman, it cannot be presumed that it arose out of his employment. That conclusion must be drawn, if at all, from the circumstances of the case, or from the testimony of witnesses, tending to show the causal relation of the employment to the injury; and 'the rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment and not by some other agency.' Madden's Case, 222 Mass. 487, 495, .111 N. E. 379, 383, L. R. A. 1916D, 1000."

As will be seen from the reporter's statement above, the essential facts found by the trial court are: That defendant's watchman, Tarwater, had an altercation with a negro employee, Isom Carter, on Saturday afternoon, while trying to keep the pay roll line in order; that this negro went away and returned in a short while with his brother,

132

Will Carter, both of them being armed; that these negroes then approached Tarwater, who was standing in a 20x20 room adjacent to the pay window, drew their pistols, and began to kick Tarwater; that the men present rushed for cover, and the deceased either ran into one of the negroes or knocked his hand up; and that thereupon the negro thus assailed or collided with turned and intentionally killed Harris, the deceased workman.

The court also found that the deceased was employed as an electrician in defendant's plant; that he actually worked as occasions arose, and at other times could properly be in readiness anywhere about the premises; and that on this afternoon he was present around the pay window taking up a collection from employees for the benefit of a sick man.

The only conclusion drawn by the court from the facts found—at least the only one expressly stated—was that the deceased, being still subject to call for service at the time he was shot, was "on duty"; that is, as we interpret it, he was injured "in the course of his employment."

There is nothing in the facts stated from which a rational inference can be drawn that Harris was shot and killed by the negro assailant of Tarwater because Harris was an employee of defendant, or because of his employment, or because of any activity of his growing out of, or incidental to, or in any way related to, his employment. On the contrary, the conclusion is inescapable that one of the Carters shot Harris solely because he thought Harris had attacked him, and that the shooting was prompted either by blind, angry resentment, or as a defensive measure to prevent any further interference by Harris or others with the Carters' assault upon Tarwater. That assault, made in resentful personal anger, and solely for the purpose of revenge, was the object sought to be executed by the Carters, and the shooting of Harris was an incident of that assault, purely personal in its conception and performance, and with no conceivable relation to the fact or the duties of Harris' employment.

That relation must, as already noted, be reasonably deducible from the facts shown, and the burden of showing such facts rests upon the plaintiff.

A just and proper application of the statute (subdivision [j], § 7596), and, indeed, of general legal principles, to the facts found by the trial court, must result in the denial of plaintiff's right to recover compensation in this case.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.