(123 So. 201)

## SLOSS–SHEFFIELD STEEL & IRON CO. v. JONES. (6 Div. 275.)

Supreme Court of Alabama. June 27, 1929.

Bradley, Baldwin, All & White and W. M. Neal, all of Birmingham, for appellant.

Kenneth C. Charlton, of Birmingham, for appellee.

GARDNER, J. Plaintiff's son, a minor 20 years of age, was killed while working in defendant's mine. He was awarded compensation under our workmen's compensation statute (Code 1923, §§ 7543–7597), and the only question here presented is whether or not the minor met his death by an accident "arising out of and in the course of his employment." Upon this question, the burden of proof rested upon the plaintiff. Ex parte Little Cahaba Coal Co., 213 Ala. 244, 104 So. 422; Vickers v. Ala. Power Co., 218 Ala. 107, 117 So. 650; Sloss-Sheffield S. & I. Co. v. Harris, 218 Ala. 130, 117 So. 755; Prayther v. Deep Water C. & I. Co., 216 Ala. 579, 114 So. 194.

Plaintiff's son was employed as a mule driver engaged in pulling empty cars. "He had no business to handle the loads. * * * The loads are handled by separate crews * * * called trammers. * * * There is danger attached to tramming cars * * * it doesn't require any particular skill for a person to be a trammer." The foregoing statement of the mine superintendent is without dispute.

Plaintiff's witness Wallace also testified: "The mule drivers don't tram, they don't allow them to tram; they get orders not to tram."

The evidence further tends to show that at the time of the accident plaintiff's son had stepped aside temporarily from his duties as mule driver and was helping the trammer.

The evidence has been carefully read by the court in consultation, and we find no testimony justifying any reasonable inference therefrom that his change of work from that of mule driver to trammer was authorized either expressly or impliedly or was with the knowledge or consent or acquiescence of any one in charge of the work at defendant's mine. We think the case comes within the influence of Cohan Bullard v. Cullman Heading Co. (Ala. Sup.) 124 So. 200,[1] where the rule is stated that "Where a servant is employed to do a certain service and is injured in the performance of a different service voluntarily undertaken, the master is not liable." That authority we consider as conclusive of this case adversely to the ruling of the court below.

[1] Post, p. 143.

In view of this authority, any detailed consideration of the numerous cases cited in brief from other jurisdictions is unnecessary. The authorities, however, appear to be in uniform harmony with the holding of the Bullard Case, supra, which, as there stated, is but the "express requirement of the law." The case of Majestic Coal Co., 208 Ala. 86, 93 So. 728, cited by counsel for plaintiff, holds nothing to the contrary.

We have not overlooked the fact, argued by plaintiff, that the regular trammer was not at work, but another employé, inexperienced, was "tramming" in his stead, but the evidence is not controverted that the work required no particular skill, although it was dangerous. Nor have we neglected to consider the statement of the witness Wallace that "there was a trip standing at the side track, and somebody told the boy to help bring it out." The evidence is without conflict that the work of the mule drivers was confined to certain places and they were not authorized to tram, but ordered to the contrary. Clearly, this general statement of the witness could not be considered as justifying a reasonable inference that any one authorized to that end had directed plaintiff's son to engage in such work. He must be held, therefore, to have voluntarily undertaken this other work. 1 Bradbury's Workmen's Compensation, pp. 458, 459. Nor was there any peril presenting action by an employé in emergency. Ex parte Little Cahaba Coal Co., 213 Ala. 244, 104 So. 422; Dietzen v. Industrial Board, 279 Ill. 11, 116 N. E. 684, Ann. Cas. 1918B, 764; Utah Copper Co. v. Industrial Commission, 63 Utah, 33, 217 P. 1105, 33 A. L. R. 1327— these two latter cases being cited in Bullard v. Cullman Heading Co., supra. The Illinois Supreme Court, in the Dietzen Case, supra, emphasizing the question here presented and discussing the statute of that state, which is in the language of our statute, says: "It is not sufficient that the injury occurs in the course of the employment. It must also arise out of the employment. These words are used conjunctively, and the circumstances of the accident must satisfy both the one and the other. * * * It must be an accident resulting from a risk reasonably incidental to the employment." Our cases are to like effect. Bullard v. Cullman Heading Co., supra; Sloss-Sheffield Co. v. Harris, 218 Ala. 130, 117 So. 755; Prayther v. Deepwater Coal Co., 216 Ala. 579, 114 So. 194. See, also, authorities cited in State ex rel. v. Hought, 56 N. D. 663, 219 N. W. 213, 58 A. L. R. 186.

We have carefully considered the cases cited by plaintiff's counsel, among them Wendt v. Industrial Ins. Commission, 80 Wash. 111, 141 P. 311; Repogle v. Seattle School Dist. No. 1, 84 Wash. 581, 147 P. 196; Hafer, etc., Coal Co. v. Industrial Commission, 295 Ill. 578, 129 N. E. 521; Crockett v. Industrial, etc., Commission, 190 Cal. 583, 213 P. 969; So. Pac. Co. v. Industrial, etc.,

**12**

Commission, 177 Cal. 378, 170 P. 822; and Elk Grove Union High School Dist. v. Industrial, etc., Commission, 34 Cal. App. 589, 168 P. 392—but in each of them it was found that the work the employé was engaged in at the time of the accident facilitated the work for which he was employed, and bore, therefore, some relation thereto. Likewise with the case of Hartz v. Hartford Faience Co., 90 Conn. 539, 97 A. 1020 (cited in note to Honnold on Workmen's Compensation, § 114), where in the opinion it is expressly stated that what the employé was doing at the time of the injury was such "as to facilitate his employer's business and the performance of his own work."

But, in the instant case, the evidence warrants no such conclusion, for here the employé voluntarily assisted another in a separate and distinct work which in no manner facilitated his own work, and as to which he was not authorized to interfere.

In the case of Miner v. Franklin County Tel. Co., 83 Vt. 311, 75 A. 653, 26 L. R. A. (N. S.) 1195, cited also in the note to section 114, Honnold on Compensation, supra, the work the employé was engaged in at the time of the accident was with the knowledge and acquiescence of the foreman whom he was in fact assisting. It is clear, therefore, the general expression of the author in that portion of the above-noted section 114, cited by counsel for plaintiff, must be read and interpreted in the light of the authorities cited in the note, and thus harmonize these expressions with the other statements in the same section. So viewed, the language is readily understood and made plain.

■ We have repeatedly stated our view that this statute should be liberally construed to effectuate its beneficent purpose, but the courts are without authority by such construction to extend the field of its operation beyond the limits as clearly defined by the lawmaking body. A proper application of the statute to the uncontradicted facts here presented must result in a reversal of the judgment rendered.

Writ awarded; reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

