139 So. 289

## BOULER' v. ST. LOUIS–SAN FRANCISCO RY. CO.

### 3 Div. 985.

Supreme Court of Alabama.

Jan. 21, 1932.

Hamilton & Caffey, of Brewton, for appellant.

Leon G. Brooks, of Brewton, for appellee.

BROWN, J.

The deceased workman was a hostler in defendant's yards at Magnolia, Ala., and the evidence shows that his duties related to looking after and caring for defendant's locomotives that came into the yards, cleaning out the fire boxes, oiling the parts, reconditioning the pumps, and generally getting the locomotives ready for other trips; to receive orders through the telegraph operator stationed at the office and call outgoing crews; that his duties were on the outside, and he had no duty in respect to heating the telegraph office.

There was evidence tending to show that he came to his death by attempting to start a fire in the heater in the office by the use of live coals taken from one of the locomotives and kerosene oil, either poured from a can or one of the lamps. This evidence sustains the conclusion of the circuit court that the workman did not come to his death through accident arising out of or in the course of his employment. Bullard v. Cullman Heading Co., 220 Ala. 143, 124 So. 200.

In Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626, the workman was following a general course of conduct and practice in respect to the performance of his work, and this differentiates that case from the case in hand.

In Sloss-Sheffield Steel & Iron Co. v. House, 217 Ala. 422, 116 So. 167, the duties of the workman required him to go into the barn

where he was injured. Not so with the workman in the case at bar.

The writ of certiorari will be denied.

Writ denied; judgment affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.