80 So.2d 274

## NATCO CORPORATION

v.

## Stanton MALLORY.

**6 Div. 728.**

Supreme Court of Alabama.

April 28, 1955.

Rehearing Denied May 26, 1955.

R. B. Jones, Erwin C. Betts, Birmingham, for appellee.

———◆———

Burr, McKamy, Moore & Tate, Wm. Henry Beatty, Birmingham, for appellant.

596

LIVINGSTON, Chief Justice.

This is a certiorari to review a ruling and judgment of the circuit court awarding compensation under the Workmen's Compensation Law of Alabama.

There is no complaint by the employer in respect to the correctness of the finding of facts. The complaint is, that as a matter of law the facts as thus found do not support the right to compensation. The facts found by the trial judge material to the inquiry, not here repeating the formal incidents of his (employee's) employment, showing the application of the Workmen's Compensation Law, are as follows:

"Defendant was engaged in the manufacture of building tile. The duties of plaintiff's employment consisted of removing the pieces of manufactured tile from a moving conveyor belt and placing the tile upon cars. In performing these duties, plaintiff stood on planks laid on the floor of the building in which he was working. This building was about seventy-five feet wide at the place where plaintiff performed his work.

"Directly underneath the conveyor belts from which plaintiff removed the tiles was a pit about six feet in depth, fifteen to twenty feet long, and about six to eight feet wide. Inside this pit there were located the belts, gears and other machinery which operated the conveyor belts which conveyed tile and carried scrap from the mill. The entrance into this pit was guarded by a wooden plank cover which was located fifteen feet or more from where plaintiff performed his work.

"Sometime during the morning of July 24, 1953, plaintiff had left his cigarettes on a rail at the place where he was working. A fan on the opposite side of the conveyor belt from where plaintiff worked blew the cigarettes off the rail into the pit.

"At about 2:00 p. m. and at a time when plaintiff and his fellow workmen had loaded all the cars then available and were waiting for more cars, plaintiff left the place where he was working and went down into the far end and other side of the pit where the covering to the entrance of the pit was located. Plaintiff then removed two planks which covered the entrance to the pit and went down into the pit. One of plaintiff's fellow employees directed a light down into the pit and plaintiff crawled along the bottom of the pit to where his cigarettes had fallen. Plaintiff had retrieved his cigarettes and was on his way out of the pit when he slipped and caught his arm in a revolving gear wheel which had

been in operation all the while plaintiff was in the pit. Plaintiff was still inside the pit when he slipped and caught his arm in the moving wheel. As a result of the injuries, the plaintiff's right arm was amputated between the wrist and the elbow.

"The court further finds from the testimony of the plaintiff that the only purpose for which plaintiff entered the pit at the time he sustained his injuries was to recover his cigarettes. His duties did not require him to enter the pit for any purpose. The court also finds that no one had expressly told the plaintiff not to go into the pit and plaintiff did not know of any rule against his going into the pit."

The question to be decided, as in all such cases, is whether the employee was injured by an accident "arising out of and in the course of his employment," as contemplated by Sec. 253, Tit. 26, Workmen's Compensation Law, Pocket Part, Code 1940. Similar questions have received careful consideration by the courts and text writers. There seems to be substantial unanimity in all of them. Some of the cases cite and quote the applicable principles from other leading cases. We will first refer to the case of Mack v. Branch No. 12, 207 S.C. 258, 35 S.E.2d 838, 840, and make a quotation from it at length, inasmuch as it is a leading case and quotes from other leading cases, as follows:

"And granting that the accidental injury resulted from his effort to gratify his desire to smoke, such activity did not remove Mack from the protection of the compensation law.

"The principle is close akin to the common law of master and servant and the incidental doctrine of detour. Adams v. South Carolina Power Co., 200 S.C. 438, 21 S.E.2d 17; Carroll v. Beard-Laney, Inc. [207 S.C. 339], 35 S.E.2d 425, filed September 10, 1945. 'Slight deviations are no defense under most state decisions. Thus a slight deviation to get a chew of tobacco, or

to ask a fellow employee the time, or to throw away a cigarette, is harmless, and awards were upheld where the injury occurred during the deviation.' Horovitz, p. 117.

"The reason upon which the rule is founded, insofar as it relates to smoking on the job, is so well stated in the judgment in Whiting-Mead [Commercial] Co. v. Industrial Accident Comm., 178 Cal. 505, 173 P. 1105, 1106, 5 A.L.R. 1518, that we reproduce from it the following:

" 'From these cases there is deducible a rule which is thus stated in one of them (Archibald v. Workmen's Compensation Comm'r, [77 W.Va. 448, 87 S.E. 791, L.R.A.1916D, 1013]): "Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work. In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of his work. * * * That such acts will be done in the course of employment is necessarily contemplated, and they are inevitable incidents. Such dangers as attend them, therefore, are incident dangers. At the same time injuries occasioned by them are accidents resulting from the employment."

" 'Are we to place the use of tobacco in this list of ministrations to the comfort of the employed? is its use necessarily contemplated in the course of such an employment as that in which Duarte was engaged? The petitioner, in answering these questions in the negative, places great dependence in the argument that tobacco is used to appease a self-created appetite and not a natural appetite. The argument does

not appeal to us. In an endeavor to determine what indulgences of human beings are responsive to the demands of natural, what to unnatural, appetites, we should be carried to the depths of biological and physiological research. Such labor is not necessary. We have the tobacco habit with us, and must deal with it as it is. It will not do to say that mankind would be better for a lack of the weed, even if that statement be true. Tobacco is universally recognized to be a solace to him who uses it, and it may be that such a one, unless he finally shakes off the habit, cannot perform the labors of his life as well without it as with it. In the present war one of the constantly recurring calls upon the public of the world is for tobacco for the comfort of the participants in the conflict. Nor are the books without their cases to the substantial effect that the employer must expect the employed to resort to the use of tobacco as a necessary adjunct to the discharge of his employment.'

"Report of the cited decision of the California Supreme Court (en banc) is also found in Whiting-Mead Commercial Co. v. Industrial Accident Comm., 178 Cal. 505, 173 P. 1105, 5 A.L.R. 1518 and there is an accompanying annotation in which the editor states that the fact that an employer must expect an employee to resort to the use of tobacco as a necessary adjunct to the discharge of his employment is recognized in every case in which a court has been called upon to pass upon the question of awarding compensation to an employee who was injured through smoking. And several other cases to that effect are digested in the annotation. No authority to the contrary has been cited or found. 71 C.J. 675 contains the following: 'If the employee is injured on account of circumstances attending the employment while taking a smoke, there being no objection on the part of the employer to his smoking, the injury arises out of the employment, and in the course thereof.' See also, Horovitz, p. 115, and cases in the footnotes."

From Bradford's Case, 319 Mass. 621, 67 N.E.2d 149, 150, we quote the following:

"* * * It is established by our decisions that an employee, in order to be entitled to compensation, need not necessarily be engaged in the actual performance of work at the time of injury; it is enough if he is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment. * * * It cannot be said as matter of law that where an employee is injured on the premises of his employer while smoking or preparing to smoke he is precluded from recovering compensation. This conclusion is supported in principle by the decision cited above and by numerous decisions in other jurisdictions. Whiting-Mead Commercial Co. v. Industrial Accident Commission, 178 Cal. 505, 173 P. 1105, 5 A.L.R. 1518; Lovallo v. American Brass Co., 112 Conn. 635, 153 A. 783; Rish v. Iowa Portland Cement Co., 186 Iowa 443, 170 N.W. 532; Haller v. [City of] Lansing, 195 Mich. 753, 162 N.W. 335, L.R.A.1917E, 324; Kaletha v. Hall Mercantile Co., 157 Minn. 290, 196 N.W. 261; Chludzinski v. Standard Oil Co. of New York, 176 App.Div. 87, 90, 162 N.Y.S. 225; Dzikowska v. Superior Steel Co., 259 Pa. 578, 103 A. 351, L.R.A.1918F, 888."

1 Larson's Compensation Law, pages 309, et seq., Sec. 21.40, cites the above-mentioned cases and others with approval.

Our own cases are in line, though we do not seem to have a smoking or other tobacco case. We have cases supporting the principle and applied it where the employee stepped aside for some other purpose pertaining to his own activities while on duty. Baggett Transp. Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21; Jackson

v. Tennessee C. I. & R. Co., 259 Ala. 85, 65 So.2d 167; Carraway Methodist Hospital v. Pitts, 256 Ala. 665, 57 So.2d 96; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666; Overton v. Belcher, 232 Ala. 396, 168 So. 442; Alabama Concrete Pipe Co. v. Berry, 226 Ala. 204, 146 So. 271; Ex parte Rosengrant, 213 Ala. 202, 104 So. 409; Wells v. Morris, 33 Ala. App. 497, 35 So.2d 54.

We find no conflict with the foregoing in the cases cited by appellant as follows: Vickers·v. Alabama Power Co., 218 Ala. 107, 117 So. 650; Bullard v. Cullman Heading Co., 220 Ala. 143, 124 So. 200; Bouler v. St. Louis-San Francisco R. Co., 224 Ala. 211, 139 So. 289; Morgan v. City ·of Guntersville, 239 Ala. 669, 191 So. 877.

We are in accord with the trial court in the conclusion reached from the facts found.

Affirmed.

SIMPSON, GOODWYN and MAYFIELD, JJ., concur.