This is a workmen's compensation case.
The employee was injured while in the employer's parking lot during a thirty-minute lunch break. After an ore tenus
hearing, the trial court found that the employee's accident occurred in the course of his employment and that he was, therefore, entitled to workmen's compensation benefits.
The employer appeals, and we affirm.
The dispositive issue is whether the overage of the Workmen's Compensation Act extends to the injury sustained by the employee during his meal-time break while on the employer's property. In other words, did the employee's injuries arise out of and in the course of his employment?
The facts which gave rise to this claim are basically undisputed and are not complex. They are as follows:
The employee's work schedule was from 6:00 a.m. until 3:00 p.m., with a thirty-minute lunch break beginning at approximately 10:00 a.m. The employee was not required to remain on the employer's premises during his lunch break. However, it vas customary for the workers and some of the supervisors to do so and to eat lunch n the employer's parking lot. There was testimony that there was a break room, but hat just about everyone ate in the parking lot.
This parking lot was owned and maintained by the employer and was on the company's premises. It was not a public parking lot and was designated for the employee's parking. Surrounding the lot was a chain-link fence approximately six feet high.
On April 23, 1987, the employee was on his lunch break, and as was customary, he was eating his lunch on his car hood in the parking lot. While preparing to return to his work duties, the employee either pushed himself, or slipped, off the hood of his car and twisted his back and hip and ruptured a disc in his spine.
As noted above, the trial court found that the employee was entitled to benefits as a result of his injury.
The employer contends that the trial court erred, however, as the injury did not arise out of and in the course of his employment because the employee was on his lunch break in the parking lot. We disagree.
For an injury to an employee to be compensable under our workmen's compensation laws, the accident causing the injury must "arise out of" his employment and occur "in the course of" such employment. Ala. Code (1975), § 25-5-31 (1986 Repl. Vol.).
The phrase "in the course of" refers to the time, place, and circumstances under which the accident took place. Generally, injuries occurring on the premises during a regular lunch break are said to arise "in the course of" employment.Wells v. Morris, 33 Ala. App. 497, 35 So.2d 54 (1948). This is so even though the interval is technically outside the regular hours of employment in the sense that the employee receives no pay for that time and is in no degree under the control of the employer, i.e., being free to go where he pleases. 1A A. Larson, The Law of Workmen'sCompensation, § 21.20(a) (1985); for persuasive authority, see Lassila v. Sears, Roebuck Co.,302 Minn. 350, 224 N.W.2d 519 (1974). Since Alabama recognizes that parking lots owned or maintained by an employer are part of the employer's premises, the employee in this case was on the employer's premises when he sustained his injury. Hughes v.Decatur General Hospital, 514 So.2d 935 (Ala. 1987).
Therefore, the employee's injury occurred on the premises during a lunch *Page 41 
break and, thus, was in the course of his employment.
We now consider whether the employee's injuries arose out of his employment. We have previously held that, to show this, it is only necessary to show that the employment was the cause and source of the accident. Massey v. United States SteelCorp., 264 Ala. 227, 86 So.2d 375 (1955). This can be determined by ascertaining whether acts of an employee which are of assistance to himself, such as drinking and eating, form part of his services to his employer. See Massey,264 Ala. 227, 86 So.2d 375; Wells, 33 Ala. App. 497,35 So.2d 54.
It is well settled that work-connected activity goes beyond the direct services performed for the employer and includes at least some ministration to the personal comfort and human wants of the employee. 1A A. Larson, The Law of Workmen'sCompensation, § 20.10 (1985). Such acts which are necessary to the life, comfort, and convenience of the employee while at work, though strictly personal to himself, and not acts of service are incidental to the service. Therefore, an injury sustained in the performance thereof is deemed to have arisen out of the employment. Natco Corp. v. Mallory,262 Ala. 595, 80 So.2d 274 (1955). Since eating lunch is one of these personal acts necessary to the life, comfort, and convenience of the employee, we hold that the employee's injury clearly arose out of his employment.
In view of the above, we find that the lunch break, whether compensated or not, is a period of activity instrumental to employment just as would be a coffee break or a visit to the toilet. When taken on the employer's premises in an area provided for that purpose (either expressly or impliedly), it may reasonably be assumed to be of some benefit or advantage to the employer in the operation of its business or the advancement of its interest.
Although not a factor in this case, we do point out, however, that the method or manner of seeking personal comfort may be unreasonably dangerous or unconventional and in that instance may not be considered incidental to the work normally within the course of the employment. 1A A. Larson, The Law ofWorkmen's Compensation, § 21.10 (1985).
The employee has requested an attorney's fee for representation on appeal. We are unaware of any authority to grant such a fee. Therefore, this request is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.