THIGPEN, Judge.
This is a workmen’s compensation case.
In September 1991, Jerre Chester Dean, an employee of Cummings Trucking Company, Inc. (Cummings), filed a complaint, requesting workmen’s compensation benefits for injuries which he alleged were a result of a work-related accident. He contended that he was injured when he fell at a truck stop in Florida while en route to deliver a shipment.
Although Cummings answered admitting that Dean’s injury occurred during the course of his employment, Cummings asserted that the injury was not compensable because it did not “arise out of’ the employment relationship, as required by Ala.Code 1975, § 25-5-1. Following ore tenus proceedings, the trial court found that Dean’s injury “arose out of’ his employment with Cummings, and it awarded compensation accordingly. Hence, this appeal.
On appeal, Cummings asserts that Dean failed to prove a sufficient causal relationship between the accident and the employment to allow recovery, pursuant to the Alabama Worker’s Compensation Law, Ala.Code 1975, § 25-5-1 et seq. Further, Cummings asserts that this court is not bound by the presumption of correctness afforded under the pre-1992 workmen’s compensation laws.
The essential facts of this ease are undisputed. Dean had been employed primarily as a truck driver for approximately twenty years. In March 1991, Dean was employed by Cummings, an intra- and interstate motor freight carrier, when he was dispatched from Fairfield, Alabama, to deliver a shipment to Tampa, Florida. Dean drove approximately seven hours before stopping to spend the night in his truck at a truck stop in Lloyd, Florida. Dean testified that although he left the truck motor running that night as he slept, he had opened a window for ventilation. Other trucks parked nearby also had their engines running during the night, and, together with fresh air, Dean breathed diesel fumes.
Dean testified that the following morning, he awoke, logged onto duty, performed a safety check of his vehicle, and went inside the truck stop where he ordered a cup of coffee. He further testified that he became dizzy and feverish, and after about five minutes, he stood up and proceeded toward the restroom. He testified that enroute to the restroom, he fell and broke his hip, which consequently required surgery. Dean testified, recalling a sign warning of a “wet floor” prior to the fall, but that he does not remember whether he slipped, fainted, or “blacked out.”
Although the record contains some evidence that Dean may have been suffering from a viral syndrome at the time of his accident, no medical evidence was offered to advance that theory or to explain Dean’s fall. Dean testified that he “felt fine” prior to the dizzy spell, and that he was not suffering from any “flu like” symptoms. After a recuperation period, Dean returned to work as a truck driver in February 1992, and returned to employment with Cummings in June 1992.
Cummings contends that this court, pursuant to the current compensation laws, is not bound by the presumption of correctness that was afforded workmen’s compensation judgments pursuant to pre-1992 compensation laws. Cummings apparently contends *904 that because this cause was pending on May 19, 1992, when the Alabama Workers’ Compensation Law (1992 Ala. Act, No. 92-537) (Workers’ Act), became effective, this court’s standard of review should be governed by Ala.Code 1975, § 25-5-81(e), and not by Ala. Code 1975, § 25 — 5—81(d), the Workmen’s Compensation Law (Workmen’s Act), that was in force at the time of the injury, and the case law thereunder. This court has previously addressed the question of whether the new standard of review in § 25-5-81(e), applies in U.S. Steel Mining Co. v. Riddle, 627 So.2d 455 (Ala.Civ.App.1993), and answered this contention in the negative.
Prior to the Workers’ Act, appeals of workmen’s compensation cases were governed by Ala.Code 1975, § 25-5-81(d), which provides “[fjrom such order or judgment, any aggrieved party may, within 42 days thereafter, appeal to the court of civil appeals and such review shall be as in cases reviewed by certiorari.” Therefore, case law established our review as a two-step process. Container Corporation of America v. Lucas, 598 So.2d 971 (Ala.Civ.App.1992). This court must first determine if there is any legal evidence to support the trial court’s findings. If such evidence is found, we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
In order for an employee’s injuries to be compensable under the Workmen’s Act, the accident must arise out of the employment, and the accident must occur in the course of the employment. Slimfold Manufacturing Co. v. Martin, 417 So.2d 199 (Ala.Civ.App.), writ quashed, Ex parte Martin, 417 So.2d 203 (Ala.1981). In Slimfold, where the employee died as a result of a fall, this court found that to satisfy the causal connection, “the rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment and not otherwise.” Slimfold at 202. (Citation omitted.) In that case, based upon our standard of review, there was sufficient evidence to support the trial court’s conclusion that the fall was unexplained, and accordingly, the trial court erred in awarding compensation. In the case sub judice, the trial court found a causal connection, stating: “[I]n this case I think it’s going to be compensable because he had logged in and he was going to the bathroom ... and he had the fumes [in] the cab of the truck.”
To determine whether an employee’s injuries arose out of his employment, it is only necessary to show that the employment was the cause and the source of the accident. Gold Kist, Inc. v. Jones, 537 So.2d 39 (Ala.Civ.App.1988); Massey v. United States Steel Corp., 264 Ala. 227, 86 So.2d 375 (1955).
“This can be determined by ascertaining whether acts of an employee which are of assistance to himself, such as drinking and eating, form a part of his services to his employer. [Citation omitted.]
“It is well settled that work-connected activity goes beyond the direct services performed for the employer and includes at least some ministration to the personal comfort and human wants of the employee. 1A A. Larson, The Law of Workmen’s Compensation, § 20.10 (1985). Such acts which are necessary to the life, comfort, and convenience of the employee while at work, though strictly personal to himself, and not acts of service are incidental to the service.”
Gold Kist at 41. Injuries sustained while performing acts incidental to employment are compensable pursuant to the Workmen’s Act, and the performance thereof is deemed to have arisen out of the employment. Pope v. Golden Rod Broilers, Inc., 539 So.2d 313 (Ala.Civ.App.1989); Gold Kist, supra. See also 1A A. Larson, The Law of Workmen’s Compensation, § 20.10 (1985). This court has previously determined that a traveling employee is considered to be conducting his employer’s business whenever he is within his prescribed territory. Young v. Mutual Savings Life Insurance Co., 541 So.2d 24 (Ala.Civ.App.1989).
Utilizing the bathroom at an appropriate place and time, as in the case sub judice, may be considered an activity incidental to employment. When taken in an area provided for that purpose, the activity may be assumed to be of some benefit or advantage to *905 the employer in the operation of its business or the advancement of its interest such that an injury sustained in the performance thereof is deemed to have arisen out of the employment for purposes of workmen’s compensation benefits. Gold Kist, supra.
Accordingly, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.