PITTMAN, Judge.
In June 2000, Curtis Dale Holton (“the employee”) sued Mastec North America, Inc. (“the employer”), for workers’ compensation benefits. The employee alleged that he was injured in the line and scope of his employment and that he had suffered a permanent total disability. Following a bench trial, the trial court found that the employee was injured in the line and scope of his employment and that the employee has a permanent total disability. The employer filed a postjudgment motion, which the trial court granted as to the calculation of the benefits owed the employee. The employer appeals.
The employee was a member of a work crew boring a path for telecommunications conduit under the Styx River in Baldwin County. The accident occurred on October 14, 1999. The boring machine broke down at approximately 4:30 p.m. that day. Parker Johnson, the boring machine foreman, testified that after the machine broke down, he discovered that some of the crew members had walked down the river bank *81 and found a rope swing and were swinging across the river and jumping into the river. Johnson testified that the crew was finished with its work when the machine broke.
The employee was the second person to swing. Jason Killian, who swung across the river before the employee attempted to swing across, testified that the employee fell off the swing and fell headfirst into about two feet of water. Some crew members moved the employee’s head from under the water and telephoned emergency 911. The employee was flown to Baptist Hospital in Pensacola, Florida. The accident left the employee paralyzed from the waist down.
The employee’s injury, in order to be compensable, must have been caused by an accident “arising out of’ and “in the course of’ his employment. Section 25-5-51, Ala.Code 1975. The “arising out of’ requirement “involves the idea of a causal relationship between the employment and the injury.” Wiregrass Comprehensive Mental Health Clinic, Inc. v. Price, 366 So.2d 725, 726 (Ala.Civ.App.1978). The “in the course of’ requirement “refers to time, place and circumstance.” Id. See also Dunlop Tire & Rubber Co. v. Pettus, 623 So.2d 313, 314 (Ala.Civ.App.1993). The employer argues that the employee’s actions were so significant a deviation from his employment that the employee’s accident (falling from a rope swing into the river) did not “arise out of’ nor “in the course of’ his employment.
“When an employee deliberately and substantially steps outside of his employment, this conduct constitutes a substantial deviation from his employment. If an employee is injured while substantially deviating from his employment, the employee’s injury is not a compensa-ble injury because the injury does not arise out of and in the course of his employment. It is necessary to determine whether the employee’s activity so deviated from his [employment] that he went beyond his course of employment by leaving his business purpose to carry out a personal purpose or objective.”
Kewish v. Alabama Home Builders Self Insurers Fund, 664 So.2d 917, 922 (Ala.Civ.App.1995) (citations omitted).
The employee contends that his accident did “arise out of’ and occurred “in the course of’ his employment. He contends that his taking time to cool down by attempting to swing into the river was an action “necessary to the life, comfort, and convenience of the employee while at work.” Gold Kist, Inc. v. Jones, 537 So.2d 39, 41 (Ala.Civ.App.1988). The Gold Kist court also stated “that the method or manner of seeking personal comfort may be unreasonably dangerous or unconventional and in that instance may not be considered incidental to the work normally within the course of the employment.” Id.
We conclude that the employee’s action of attempting to jump into the river from a rope swing is an “unreasonably dangerous or unconventional” method of cooling off or taking a work break. Therefore, we conclude that the trial court erred by finding that the employee’s accident “arose out of’ and “in the course of’ his employment.
The employee relies heavily on this court’s opinion in LFI Pierce, Inc. v. Carter, 829 So.2d 158 (Ala.Civ.App.2001). The author of this opinion dissented from the majority holding; however, we conclude that LFI Pierce is distinguishable from the facts of this case. We quote the facts set out in LFI Pierce:
“On the day of the accident, [the employee] and others were working to remove storm debris from a steep slope on a residential lot on Lake Tuscaloosa. Dennis Robertson, a Treesmith employ *82 ee, supervised and directed all work on the job site....
“[The employee and others] began removing the debris from the lot at approximately 7:30 a.m. on the date [of the accident]. The lot on which [the employee was] working contained 160 steps that were built into the slope leading from the house down to the lake. [The employee] was required to carry heavy trees and other debris to the top of the slope. The temperature on that date ranged from 98 to 100 F., with a high level of humidity. Because of the extreme and oppressive conditions, the crew was given a 15-minute break every 45 minutes.
“[The employee] and the crew took a break at approximately 3:00 p.m.; [the employee and the others] had at least one to two more hours of work remaining at that time. At the beginning of the break, Robertson ([the employee’s] supervisor) and others walked to the pier at the bottom of the slope and jumped into the lake to cool off.... [The employee] followed the other employees into the lake; he drowned.”
829 So.2d at 159. The court[1] concluded:
“[The employee] did not substantially deviate from his employment by jumping into the lake to cool off.... [The employee’s] entering the lake did have a causal connection with his employment, and it falls within those incidental acts described in Gold Kist [Inc., v. Jones, 537 So.2d 39 (Ala.Civ.App.1988) ].”
829 So.2d at 160.
We conclude that the employee’s action of attempting to jump from a rope swing into the river is an act “unreasonably dangerous or unconventional,” and is not an “incidental act” to his employment. Important factual distinctions between this case and LFI Pierce exist. First, the accident in this case did not occur during a scheduled break. The accident in this case occurred near the end of the workday after machinery necessary for the -work broke down; the accident in LFI Pierce occurred during the workday during a pre-sched-uled. break. Second, Johnson, the foreman, did not testify, as did the supervisor in LFI Pierce, that jumping into the lake was a reasonable method to cool off. Finally, we conclude that the method of “cooling off,” if it was for that purpose, in this case, was “unreasonably dangerous or unconventional.” See Gold Kist, supra. Attempting to jump into an unfamiliar river [2] from a rope swing was not “incidental” to this employee’s employment. Id. Therefore, we conclude that the employee’s accident did not “arise out of’ and “in the course of’ his employment. The trial court erred by finding otherwise and by awarding workers’ compensation benefits to the employee. We reverse the trial court’s judgment and remand the cause for entry of a judgment consistent with this opinion.
REVERSED AND .REMANDED WITH INSTRUCTIONS.
CRAWLEY and THOMPSON, JJ., concur.
YATES, P.J., concur^ in the result.

. The author of this opinion concurred with a dissent written by Judge Thompson. See LFI Pierce, 829 So.2d 158 at 162-163 (Ala.2001) (Thompson, J., dissenting).

. The employee was a resident of Louisiana and was working in Alabama at the time of the accident.