## VIVIAN D. GUMBRILL v. GENERAL MOTORS CORPORATION AND ANOTHER.[1]

January 21, 1944.

No. 33,593.

*G. P. Mahoney* and *John S. Morrison,* for relator.
*Durham & Swanson,* for respondents.

THOMAS GALLAGHER, JUSTICE.

*Certiorari* upon the relation of Vivian D. Gumbrill to review the action of the industrial commission in reversing the award of a referee in proceedings under the workmen's compensation act against General Motors Corporation, employer, and Royal Indemnity Company, insurer.

The undisputed facts briefly are as follows: On December 19, 1941, relator was in the employ of General Motors Corporation as a traveling salesman for its Chevrolet Motor Division at a wage of $300 per month. In addition to his salary, he was entitled to meals, lodging, and transportation expenses while on the road. On the date mentioned, while in Brainerd calling upon a dealer, relator received word from the Minneapolis office of his employer directing him to return there. In compliance therewith, he re-

[1]Reported in 13 N. W. (2d) 16.

turned to Minneapolis, arriving about 8:30 or 9:00 o'clock that evening and registering at the Nicollet Hotel upon arrival.

His meeting was scheduled for the next morning at 9 o'clock. The evening of his arrival at the hotel, he met a customer of his employer from Hibbing and a friend of the latter, and joined them there for "a couple of drinks in the Jolly Miller" room of the hotel. Relator's testimony is that he had "two or three" drinks of "Scotch and soda" on this occasion. Thereafter, about 10 o'clock, with one of the aforesaid friends, relator left the hotel in a car belonging to and driven by the friend, for Harry's Cafe, about ten blocks away, "to get something to eat." His employer's customer did not accompany the group. After arriving at Harry's Cafe, the car was driven into a parking lot in the rear, where relator, in stepping therefrom, fell and sustained the injuries which are the basis of his claim here. Following his disability, he was reëmployed by his employer at an increase in salary.

At the time of the accident the employer carried a group accident and health policy which covered its employes, except for accidents covered by the compensation law. Relator filed a claim with this insurance company, conceding therein that his accident was not covered by the compensation law. He received approximately $1,100 from the accident company, an amount substantially in excess of his claim here. In his testimony relator admitted that at the time of the accident he was not entertaining a customer of his employer; that he was not on business for his employer; and that his earlier meeting with the Hibbing dealer was purely an accident.

Upon such a state of facts the industrial commission reversed the order of the referee granting compensation to relator, holding that he was on business personal to himself rather than his employer at the time of the accident, and hence that he was not covered by the compensation act.

We are of the opinion that there is ample evidence to sustain the finding of the commission that relator's disability was not due to an accident sustained by him in his employment. It is true that under the rules set forth in Howlett v. Midwest Distributors, Inc.

202 Minn. 247, 277 N. W. 913, a traveling employe is considered as carrying on his employer's business at any time he is in his prescribed territory. This cannot be construed, however, as meaning that in all circumstances an employe is covered by the workmen's compensation act from the time a special errand or mission starts until it is completed. As stated in Lunde v. Congoleum-Nairn, Inc. 211 Minn. 487, 488, 1 N. W. (2d) 606, 607:

"Such argument assumes that it is impossible for a traveling man, even though he be otherwise and mostly engaged on his employer's business, to so depart therefrom on an enterprise of his own as to put him for the time being beyond coverage of the law. Obviously he may do so."

In the instant case there are many factors sufficient to sustain the finding of the commission. As stated, the friend who accompanied relator to the cafe was neither a regular nor a potential customer of his employer. The car used had no connection with his employer's business, nor was it driven or parked by any agent of his employer. Relator conceded at the time he filed his claim and accepted reimbursement under the accident policy that his accident did not arise out of his employment and was not covered by the compensation law. Such factors and admissions would seem ample to sustain the commission's findings under the principles set forth in Lunde v. Congoleum-Nairn, Inc. *supra*. In the case of Johnson v. Crane Co. 210 Minn. 519, 299 N. W. 19, relied upon by relator, the industrial commission found that the employe had returned to his duties at the time of the accident, and this court found ample evidence to sustain such finding. Here, however, there is ample evidence to sustain the finding that at the time of the accident relator was on business personal to himself and hence not covered by the compensation act.

The decision of the industrial commission is affirmed.

Affirmed.