This is an appeal from a summary judgment in favor of the defendants, Albert L. Williams and Delana Williams, against the plaintiff, Mary L. Lawson. Lawson brought this action against the Williamses for injuries she suffered due to a slip and fall on the Williams property. The trial court granted the Williamses' motion for summary judgment because Lawson knew of the hazard prior to her fall. We affirm.
The Williamses employed Lawson as a housekeeper in October 1979. As a domestic servant, her duties involved baby sitting, house cleaning, and laundry work. On December 6, 1984, Lawson arrived at the Williams home and entered the house through the garage. She normally entered and departed through the back door. Lawson left the Williams home by the back door. When she left, she noticed leaves on the back step. It had not rained on December 6, but it had rained on December 5, and Lawson knew that fact. However, when she left, she stepped on the leaves and slipped and fell, suffering injuries to her ankle.
On appeal, Lawson argues that, although she was aware of the leaves being present, they looked dry and she did not know that they were wet and slippery underneath. Therefore, she argues, the trial court erred in granting summary judgment on the ground that she was aware of the hazard.
Domestic servants are invitees upon the premises of their employers. Sledge v. Carmichael, 366 So.2d 1117
(Ala. 1979). The homeowner, the invitor, is not liable for injuries suffered by a domestic servant, the invitee, caused by a condition or danger which the domestic servant should have been aware of in the exercise of reasonable care.Quillen v. Quillen, 388 So.2d 985 (Ala. 1980). When the danger is obvious, the invitor cannot be held liable.Id. In this case, Lawson admits that she knew that rain had fallen the previous day, that leaves had accumulated on the doorstep, and that leaves when wet are slippery. There is no evidence that the Williamses improperly maintained the condition of their yard. No merit rests in Lawson's argument that the dry leaves on top of the wet ones in essence "fooled" her in regard to the condition. Her fall was the result of an accident for which the Williamses cannot be held responsible. Applying the requisite standard, we conclude that Lawson should have known that leaves accumulated after a rain would probably be wet and slippery.
Therefore, no merit exists in her claim, and the trial court correctly entered its judgment. For the reasons set forth, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.