This is a workmen's compensation case.
On June 20, 1986 Jacob Pope filed a claim for workmen's compensation benefits against his employer, Golden Rod Broilers, Inc. (Golden Rod). Trial was subsequently held in the Circuit Court of Hale County. After a trial the court entered a judgment denying compensation. The court determined that Pope's injury did not "arise out of" his employment and thus was not a compensable injury. §§ 25-5-1 and -31, Code 1975. See, Ragland Brick Co. v. Campbell, 409 So.2d 443
(Ala.Civ.App. 1982). Pope appeals and we affirm.
The facts and circumstances surrounding the injury were very much in dispute. However, the record supports the following.
Golden Rod employed Pope as a manual laborer at a chicken processing plant. On April 9, 1986, shortly after Pope checked out for lunch, Pope jumped up and threw a paper towel into an overhead fan. The fan was located near an entrance to the plant, and its bottom was seven feet, seven and one-half inches from the floor. A wire screen covered the front and sides of the fan. The top, or back, of the fan was unprotected. Pope reached over the side of the fan and caught his fingers in the moving fan blades. The fingers on his right hand were severely injured. As a result, Pope has been unable to return to work at Golden Rod.
This court's review of workmen's compensation cases is limited to questions of law and an examination of the evidence to determine if any legal evidence supports *Page 315 
the trial court's findings. Hellums v. Hagar, 360 So.2d 721
(Ala.Civ.App.), cert. denied, 360 So.2d 724 (Ala. 1978). The above recited facts support the trial court's finding that the employee's injury did not "arise out of" his employment.
Pope contends that even under these facts the trial court erred in determining that Pope's injury did not arise out of his employment. We disagree. Every workmen's compensation case involving the construction of the words "arising out of" should be decided on its own peculiar facts and not by reference to a formula. Union Camp Corp. v. Blackmon, 289 Ala. 635, 270 So.2d 108 (1972). Nevertheless, certain principles can be derived from prior cases. First of all, the phrase "arising out of" is not synonymous with the phrase "in the course of." The determinative factors as to whether an injury occurred "in the course of" employment are the time, place, and circumstances of the injury. Moesch v. Baldwin County ElectricMembership Corp., 479 So.2d 1271 (Ala.Civ.App. 1985);Wiregrass Comprehensive Mental Health Clinic, Inc. v. Price,366 So.2d 725 (Ala.Civ.App. 1978). Golden Rod admitted that Pope's injury occurred in the course of his employment.
On the other hand, an injury does not "arise out of" one's employment unless the employment in some way caused the injury. Wooten v. Roden, 260 Ala. 606, 71 So.2d 802 (1954);Wiregrass Clinic, supra. The rational mind must be able to trace the injury to a proximate cause set in motion by the employment and not otherwise. Wooten, supra; SlimfoldManufacturing Co. v. Martin, 417 So.2d 199 (Ala.Civ.App. 1981), cert. quashed, 417 So.2d 203 (Ala. 1982). Pope was injured because he voluntarily jumped up and put his hand into a moving fan. His action was in no way a part of his duties. Indeed, it is difficult to imagine what possible benefit Golden Rod might have derived from this action. Getting one's hand caught in a fan almost eight feet off the floor is not a special hazard of working on the line in a chicken processing plant. See, Fordham v. Southern Phenix Textiles, Inc.,387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala. 1980). Thus, the proximate cause of Pope's injury was his own voluntary act and not his employment.
Pope attempts to analogize this case to several cases where workers have been injured while performing acts incidental to their employment. An act is incidental to employment when it is necessary to the life, comfort, or convenience of the employee. Natco Corp. v. Mallory, 262 Ala. 595, 80 So.2d 274
(1955) (smoking); Wells v. Morris, 33 Ala. App. 497, 35 So.2d 54
(1948) (eating lunch). Injuries which occur during the performance of such acts are compensable. However, Pope's action was in no way necessary to his life, comfort, or convenience and was thus not incidental to his employment.
In order to show that an injury arose out of his employment, an employee must establish a definite causal connection between his employment and his injury. It is not enough to show that the injury would not have occurred "but for" the employment. Slimfold Manufacturing, supra; Wiregrass Clinic,supra. Pope failed to establish this causal connection. We, therefore, must affirm the judgment of the trial court denying workmen's compensation benefits.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.