The claimant, Washington M. Young, appeals from a decision in favor of his employer, Mutual Savings Life Insurance Company (Mutual Savings). On June 29, 1987, the claimant, a traveling salesman, sustained an injury while on his lunch break. Two months later, he filed a workmen's compensation suit against Mutual Savings, seeking to recover benefits for this injury. Subsequently, on August 28, 1987, Mutual Savings moved for summary judgment, alleging (1) that there was no genuine issue of material fact and (2) that the claimant's injury did not arise out of or in the course of his employment, pursuant to § 25-5-31, Ala. Code 1975 (1986 Repl.Vol.). After considering the pleadings and the deposition of the claimant, the trial court granted Mutual Savings' motion for summary judgment.
Summary judgment may be granted only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Town of Mulga v. Town of Maytown,502 So.2d 731 (Ala. 1987). The question before us is essentially one of law, since the claimant concedes that the facts are without dispute.
The dispositive issue on appeal is whether the coverage of Alabama's workmen's compensation act extends to the injury sustained by the claimant during his lunch break. Benefits are available under our workmen's compensation law only when an employee's injury arises out of and in the course of his employment. We would note, however, that whether an employee's injury arises out of and in the course of employment depends upon the facts and circumstances of each particular case.Moesch v. Baldwin County Electric Membership Corp.,479 So.2d 1271 (Ala.Civ.App. 1985). We are, thus, called upon to determine whether the trial court correctly applied the law to the facts when it granted Mutual Savings' motion for summary judgment.
At the time of the accident, the claimant had been employed by Mutual Savings approximately nine years as an insurance salesman and premium collector. His job required him to make regular house calls on a number of Mutual Savings policyholders for the purpose of collecting premiums due. His job also required him to sell additional policies. He was not confined to a particular area or route, but could sell anywhere he was willing to service. *Page 26 
The claimant would check in with Mutual Savings' office in Florence each morning at 8:00 and begin his route around 9:00 a.m. After completing his route, he would return to his house. He was not required to check in with the office after beginning his route. Money collected would be turned in at 8:00 in the downtown office the following morning.
The claimant would customarily eat lunch "wherever [he] happened to be" when he became hungry. When he was in the vicinity of Florence, he would generally eat a sack lunch at the office. On the day of the accident, he was ten to twelve miles outside of Florence when he decided to eat lunch. Instead of driving back into Florence, he parked his car on the shoulder of a gravel road in the shade of a large tree. According to the claimant, this was a halfway point along his route and, thus, a convenient place to stop. He stated that he had eaten lunch at this spot on numerous occasions. He conducted no business during this lunch break. After eating lunch, the claimant got out of his car to stretch his legs. At this point it appears he saw some "real ripe" blackberries across the road. Crossing the road to take a closer look, he subsequently fell into a shallow ditch running parallel to the road. This fall resulted in the injuries for which he is now seeking compensation. Despite his injuries, the claimant made two more business stops along his route before he arrived at his house.
In order for an injury to an employee to be compensable, the accident causing the injury must occur in the course of employment and arise out of his employment. The phrase "in the course of" refers to the time, place, and conditions under which the accident took place. The phrase "arising out of" refers to a causal connection between the employee's work and injury. Wiregrass Comprehensive Mental Health Clinic v. Price,366 So.2d 725 (Ala.Civ.App. 1978).
We have held that accidents occurring on the employer's premises during an employee's regular lunch break occur in the course of employment. Gold Kist, Inc. v. Jones, 537 So.2d 39
(Ala.Civ.App. 1988). According to Professor Larson, the term "premises" "includes the entire area devoted by the employer to the industry with which the employee is associated." 1 LarsonWorkmen's Compensation Law § 15.41, at 4-84 (1985). Our research, however, has revealed no Alabama cases dealing with the term "premises" as it relates to traveling employees. In the absence of available precedent, we must, therefore, look to other sources for definitive law. Minnesota's construction of its workmen's compensation laws serves as a source of persuasive authority in these situations. Buchanan v. Pankey,531 So.2d 1225 (Ala.Civ.App. 1988). Minnesota courts have adopted the view that a traveling employee is considered to be conducting his employer's business any time he is in his prescribed territory. Gumbrill v. General Motors Corp.,216 Minn. 351, 13 N.W.2d 16 (1944). It appears that the claimant was within his prescribed territory at the time of the accident. It follows then, in light of the foregoing authority, that the claimant was within the course of his employment at the time of the accident.
We turn now to determine whether his injury arose out of his employment. In order to resolve this question, we must determine whether the employee's injury arose from any risk or danger incidental to the character of his employment.Wiregrass Comprehensive Mental Health Clinic v. Price, supra.
The facts indicate that the fall was brought about by the claimant's desire to inspect some "real nice tame" blackberries in a nearby field. He voluntarily chose to leave the vicinity of his car, cross the gravel road, and walk along the uneven terrain adjacent to the road to obtain a closer look at the blackberries. While attempting to cross the uneven terrain, he slipped and fell into a ditch.
The possibility of slipping and falling into a roadside ditch is not a hazard peculiar to traveling salesmen. Clearly the claimant, although primarily carrying on his employer's business, i.e., he continued *Page 27 
on his route after the fall, had departed on his own personal enterprise at the time of the injury. Gumbrill v. GeneralMotors Corp., supra. The injury sustained here was, thus, not causally connected with the claimant's employment.
We would note that workers injured while performing acts incidental to their employment may, under certain circumstances, recover under our workmen's compensation act. Acts incidental to employment include those acts necessary to the life, comfort, or convenience of the employee. Pope v.Golden Rod Broilers, 539 So.2d 313 (Ala.Civ.App. 1989). A lunch break is considered incidental to employment, and injuries sustained during this period are compensable under certain circumstances. Gold Kist, Inc. v. Jones, supra; Wellsv. Morris, 33 Ala. App. 497, 35 So.2d 54 (1948). We recognize that the claimant's injury occurred during his lunch break. We find, however, that this injury is not compensable under the peculiar facts of this case since the injury was clearly not the result of any act necessary to the claimant's life, comfort, or convenience.
In light of the above, this case is due to be affirmed.
AFFIRMED.
HOLMES, P.J., and ROBERTSON, J., concur.