I respectfully dissent. The majority has allowed the trial judge to decide what should be presented to the jury.
This Court has recently held in Bogue v. R M Grocery,553 So.2d 545 (Ala. 1989), that a business invitee was owed a duty by the business invitor to exercise reasonable care in maintaining the premises in a reasonably safe condition. We wrote:
 "Once it has been determined that the duty owned to an invitee has been breached, questions of contributory negligence, assumption of the risk, and whether the plaintiff should have been aware of the defect, are normally questions for the jury."
553 So.2d at 547.
In Bogue, the plaintiff was injured when she slipped and fell on the defendant's premises. She asserted that her fall was caused by a significant drop in elevation from the doorway to the parking lot. After this Court reviewed the law as to open and obvious dangers, as that law is stated in Quillen v.Quillen, 388 So.2d 985, 989 (Ala. 1980), we determined that there were a number of factual issues for the jury in Bogue, "as there usually are in negligence cases." Quillen at 989. The plaintiff in Bogue established evidence from which a jury could find that a defect existed in the ramp at the door of the grocery store, and we reversed the defendant's summary judgment.
Similarly, in Banks v. Bayou Bend II, Ltd., 552 So.2d 1070
(Ala. 1989), we again held that whether the plaintiff could appreciate an open and obvious danger was a question of fact "properly within the province of the jury." 552 So.2d at 1072, citing Bush v. Alabama Power Co., 457 So.2d 350, 354-55 (Ala. 1984). In Banks, the plaintiff was injured when the stair landing on which he was working collapsed. We concluded that there was evidence that the defendant knew or should have known of the dangerous condition of the landing, and the facts were disputed as to whether the plaintiff had been informed that the stair beam was rotten. We held that summary judgment was improper. "Factual conflicts such as this must be resolved by the trier of fact." Banks, 552 So.2d 1070, citing Rule 56(c), A.R.Civ.P., and Boswell v. Coker, 519 So.2d 493 (Ala. 1987).
Rule 56 A.R.Civ.P. precludes summary judgment when there are questions of material fact yet to be resolved regarding whether the invitee plaintiff knew of the dangerous condition that allegedly caused the plaintiff's injury. This principle is illustrated by several cases. In Williams v. Newton,526 So.2d 18 (Ala. 1988), we determined that there was conflicting evidence as to whether the plaintiff had actual knowledge of ice at the entrance to the defendant's office. Even though the plaintiff's deposition indicated that she had walked over the same ice when coming in the door, in giving that indication she was simply acknowledging that she knew the ice had to have been at the door when she entered the building, because she fell on the ice when leaving. We could not conclude from the record that the plaintiff did not use reasonable care upon entering the building. Her deposition did not affirmatively show that she had been made aware of the ice upon entering the office; thus, a question of fact remained for the jury.
In Marquis v. Marquis, 480 So.2d 1213 (Ala. 1985), one brother was assisting another in cutting firewood when he was injured by one of the trees he was cutting. The trial court directed a verdict against the plaintiff on both counts of his complaint, finding that due to the openness and obviousness of the dangerous condition that caused the plaintiff's injuries, there was no breach of duty by the defendant. This Court reversed, holding that the question of whether the plaintiff should have recognized the danger when cutting the tree was one for the jury.
As we stated in Terry v. Life Ins. Co. of Georgia,551 So.2d 385 (Ala. 1989):
 "The Restatement (Second) of Torts § 343A (1965) states:
 " '(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the *Page 109 
possessor should anticipate the harm despite such knowledge or obviousness.'
 "Comment b defines 'known' and 'obvious.' In order to conclude that the defect was 'known,' the plaintiff must be aware of the existence of the condition and must appreciate the danger it involves. 'Obvious' means that the condition and risk are apparent to, and would be recognized by, a reasonable person in the position of the invitee. Therefore, the 'obvious' test is an objective one."
551 So.2d at 386 (emphasis original).
In Terry the trial court had granted summary judgment for the defendant. We reversed, allowing a jury to determine whether the allegedly negligent maintenance of stair carpeting was an open and obvious dangerous condition. 551 So.2d at 386.
This case should be decided by the jury also. There are questions of fact about the ability of the plaintiff to appreciate the possible danger and his actual knowledge of the presence of the nails just prior to the accident. The defendant's testimony reveals that he had told the plaintiff that he had removed all the nails from the boards, but had forgotten to tell him that the second stack of boards still contained nails. The plaintiff's testimony indicates that he had been moving boards from which all nails had been removed and that he saw a wheelbarrow full of nails that had been removed and was caused to believe that the second stack of boards was free of nails also.
Whether the danger presented by the nails might be considered open and obvious is for the jury to decide.
JONES and SHORES, JJ., concur.