Because of the particular facts of this case, I concur with the majority's affirmance of the summary judgment in favor of the defendant. Harris clearly had knowledge of the presence of ice on the cooler compartment's floor, and his testimony revealed that he appreciated the risk associated with working in the cooler where there was ice on the floor. His testimony revealed that he previously had worked on approximately a dozen freezers with similar problems and that he knew of the dangers in working on ice while in the freezer. He had been in this freezer twice before he slipped and fell.
This case is to be distinguished from Williams v. Newton,526 So.2d 18 (Ala. 1988), where the plaintiff fell on ice when she left her insurance agent's office. We held that Ms. Williams's testimony did "not affirmatively show that she was aware of the ice as she entered [the agent's] office," and that a question of fact remained for a jury as to her knowledge of the presence of the ice. Likewise in Bogue v. R M Grocery, 553 So.2d 545
(Ala. 1989), we held that the unanswered question of whether the plaintiff should have been aware of the defect (a drop in elevation in an outside doorway ramp of the grocery store) was for the jury. Similarly, in Terry v. Life Ins. Co. of Georgia,551 So.2d 385 (Ala. 1989), we found that there were a number of factual issues to be determined by the jury, including whether, prior to the plaintiff's fall down the stairs at her workplace, her knowledge of loose carpet in the stairway was sufficient to show an appreciation of the danger it involved. See also Cox v.Western Supermarkets, Inc., 557 So.2d 831 (Ala. 1989) (the resolution of whether *Page 1070 
there was a foreign substance on the floor, or whether the defendant was delinquent in failing to discover and remove it before the plaintiff fell, was the responsibility of the trier of fact); Breeden v. Hardy, [Ms. 881164, Jan. 12, 1990] (Ala. 1990) (an injured employee was not aware of the open hole into which he fell, which had up to that time been barricaded).
This case is not a premises liability case, as are those cases named above. Here, the plaintiff was performing work pursuant to his employer's instructions. He has sued the distributor of the freezer for his injuries, which resulted, he claims, from the improper installation of the freezer by the distributor. Regardless, the plaintiff assumed the risk involved here by carrying the freezer door over the ice-covered floor of the freezer which was manufactured by his employer. He clearly knew of the risk associated with the work, and his testimony shows that he clearly appreciated the danger in working on ice while in the freezer. For these reasons, I agree that the summary judgment for the defendant was proper.