ROBERTSON, Presiding Judge.
Jimmy Edward Mackey (Mackey) filed suit for workmen’s compensation benefits against Alabama Power Company (APCO) because of a back injury, allegedly suffered while working as a local operation lineman reading meters for APCO.
After an ore tenus proceeding, the trial court found that an employment relationship existed between the parties on the date of the accident and that both parties were subject to the Workmen’s Compensation Act of Alabama. The trial court also found that Mackey’s condition was one of total and permanent disability as a result of his on-the-job injury, and ordered APCO to pay benefits and medical expenses accordingly. APCO appeals.
In reviewing workmen’s compensation cases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
First, APCO argues that the trial court erred in finding that Mackey’s injury arose out of his employment. The applicable statute requires that the injury be caused by an accident “arising out of” and “in the course of” his employment to be compensa-ble. § 25-5-31, Code 1975.
According to Mackey, he was reading meters when a rainstorm caused the dirt road on which he was driving to become muddy. While attempting to drive his truck, he became stuck. Upon getting out of the cab to check his truck, both of his feet slipped, and as he fell he “caught on the post of the door.” This caused sudden and severe pain to his lower back around the belt area and resulted in a herniated disc which required surgery.
It is undisputed that Mackey’s injury occurred “in the course of” his employment. However, APCO argues that since Mackey was exposed to no greater risk than a person not so employed would have been exposed, namely getting out of the cab of a truck, Mackey’s injury did not “arise out of” his employment, and he should not be able to recover.
The phrase “arising out of” is not synonymous with the phrase “in the course of,” and an injury must “arise out of” one’s employment to be compensable. Pope v. Golden Rod Broilers, Inc., 539 So.2d 313 (Ala.Civ.App.1989). Mackey’s injury did not “arise out of” his employment unless the employment in some way caused his back injury. Pope. “The rational mind must be able to trace the injury to a proximate cause set in motion by the employment and not otherwise.” Pope at 315.
Mackey’s employment included reading meters, some of which were located on dirt roads that become muddy and
*1240 slippery during and after rainstorms, and getting stuck is clearly a special hazard of that type employment. “An act is incidental to employment when it is necessary to the life, comfort, or convenience of the employee,” and “[i]njuries which occur during the performance of such acts are com-pensable.” Pope at 315. It is clear that Mackey’s act of getting out of the stuck vehicle was necessary to his comfort or convenience. The trial court’s finding was based on testimony from Mackey, whom it found to be credible, as to how the injury occurred. A rational mind would be able to trace his injury to a proximate cause set in motion by Mackey’s employment; therefore, the trial court did not err as to this issue.
Next, APCO argues that the trial court erred in not finding that Mackey’s current disability results from a preexisting condition. Section 25-5-58, Code 1975, provides that:
“If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
APCO contends that Mackey’s current injury is attributable to a history of back problems, which should preclude him from recovery. However, it is well-settled law in Alabama that an employee able to perform his work duties in a normal manner prior to time of the disabling injury has no preexisting condition for compensation purposes. Speegle v. Dobbs Bros., 545 So.2d 777 (Ala.Civ.App.1989).
Here, the evidence showed that, pri- or to his injury, Mackey performed strenuous manual labor such as climbing power poles, installing heavy transformers, repairing street lights, and working in adverse conditions such as ice storms. Also, his supervisor testified that he was a good employee who worked hard, and he had never been criticized for poor job performance. In fact, the only complaint against Mackey was that he had missed some days of work in 1989 because of back trouble. If his prior condition had prevented Mackey from performing his duties prior to this accident, his recovery would be limited as APCO suggests. The trial court found, however, that his preexisting condition had no such effect on Mackey. Upon reviewing the record, we find that the general statements as to Mackey’s good job performance and the specific statements as to his work involving, among other things, the lifting and hanging of heavy transformers are legal evidence which support the finding of the trial court. Eastwood.
Finally, APCO argues that the trial court erred in finding Mackey totally and permanently disabled. It is well-settled law in this state that to suffer permanent total disability an employee does not have to be absolutely helpless or entirely physically disabled, only that the employee be unable to perform his trade or unable to obtain gainful employment. Kline v. Combined Insurance Co. of America, 570 So.2d 1238 (Ala.Civ.App.1990).
In finding Mackey permanently and totally disabled, the trial court stated:
“Due to the nature, severity and extent of Plaintiff’s [Mackey’s] injury, and considering his educational background, his work experience, medical impairment, and the likelihood that he will not be rehabilitated, and based on the evidence taken as a whole, Plaintiff is totally and permanently disabled as a result of the on-the-job injury he received. Plaintiff is permanently precluded from performing his trade or from obtaining reasonably gainful employment now or in the future.”
In addition to viewing Mackey firsthand, the trial court also considered medical testimony by deposition concerning his injury, his surgery, his medical treatment, and his current physical condition. Mackey had worked for APCO for 25 years performing manual labor in all kinds of weather. The neurosurgeon, who operated on his back, testified that Mackey was physically unable to return to his job duties and that he will suffer lower back pain for the rest of his life. The doctor also testified that Mackey *1241 would probably not be aided by vocational or physical rehabilitation. Mackey testified that his back hurts continuously, standing or sitting, and he was unable to perform more sedentary work in APCO’s Wedowee office due to the pain. Much discretion is afforded a trial court in determining an employee’s loss of earning capacity, and the factors which go into its decision include the age, education, work history of the employee, and the effect of the injury on the employee’s earning ability. Hayes International Corp. v. Johnson, 563 So.2d 1052 (Ala.Civ.App.1990).
We find that there is legal evidence which supports the finding by the trial court that Mackey is permanently and totally disabled. Having found legal evidence to support the findings of the trial court, we hold that a reasonable view of that evidence supports the trial court’s judgment. Eastwood.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.