This automobile accident case arose from a rear-end collision that occurred in Phenix City. On February 14, 1990, Yolanda Smith, Ronnie Smith, Darlene Smith, and Stanley Pope[1] sued Desiree Dee Davis and Davis's insurer, Alfa Mutual Insurance Company, alleging that Davis had negligently and/or wantonly caused the accident. On Alfa's motion the claims against the two defendants were severed, and the case was tried against Davis. The jury found for Davis. The court denied the plaintiffs' motion for a new trial, and the plaintiffs appealed. We affirm.
The facts surrounding the accident are sharply disputed. The accident occurred on a four-lane divided highway known as the Phenix City By-Pass. The plaintiffs testified that they were traveling north, in the inside lane (i.e., the lane closest to the median). They said they observed a line of cars in the outside lane, also northbound; and they said this line of cars had almost come to a complete stop, apparently to turn right at a Krystal restaurant. The plaintiffs claim that they were traveling well within the speed limit when suddenly, without warning, Davis moved her vehicle from the outside lane to the inside, traveling immediately from right to left into the path of the plaintiffs' vehicle, causing the plaintiffs' vehicle to strike the defendant's vehicle directly in the rear. However, Davis and the passenger in her car both testified that, just before the accident, they had been traveling south on the Phenix City By-Pass and had decided to turn around and go back to the Krystal restaurant. They said they entered the turn-around in the median, turned back to the north, and entered the northbound inside lane of traffic. They said they then proceeded a short distance at a slow speed in the northbound lane and put on the right-turn signal to indicate that they intended to move into the outside lane and turn into the Krystal restaurant. While they were making this maneuver, they said, the plaintiffs' vehicle came over the hill behind their vehicle and struck it in the rear, knocking it forward. Davis testified that she had her vehicle in third gear just before the wreck, and that she downshifted and sped up to try to avoid being hit. She testified that she drove her vehicle down to the next turn-around and immediately back to the scene of the accident.
The sole issue on appeal is whether the trial judge erred in refusing to instruct the jury on the issue of willful and wanton conduct.
What constitutes wanton misconduct depends on the facts presented in each particular case. Central Alabama ElectricCooperative v. Tapley, 546 So.2d 371 (Ala. 1989); Brown v.Turner, 497 So.2d 1119 (Ala. 1986); Trahan v. Cook, 288 Ala. 704, *Page 588 265 So.2d 125 (1972). A majority of this Court, inLynn Strickland Sales Service, Inc. v. Aero-Lane Fabricators,Inc., 510 So.2d 142 (Ala. 1987), emphasized that wantonness, which requires on the part of the defendant some degree of consciousness that injury is likely to result from his act or omission, is not to be confused with negligence (i.e., mere inadvertence):
 "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury. . . ."
To be guilty of wanton conduct, one must, with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some known duty, and, to be actionable, that act or omission must produce the plaintiff's injury. Pate v. Sunset Funeral Home, 465 So.2d 347 (Ala. 1984). Under Alabama law, wanton conduct must be shown by substantial evidence. Alabama Code 1975, § 12-21-12. After a careful review of the record, we conclude that the plaintiffs did not present evidence substantial enough to support a question for the jury on the issue of whether defendant Davis was guilty of wanton and willful conduct.
The jury's verdict is presumed to be correct, and that presumption is strengthened by the trial court's denial of the motion for a new trial. Stokes v. Long-Lewis Ford, Inc.,549 So.2d 51, 52 (Ala. 1989); Merrell v. Joe Bullard Oldsmobile,Inc., 529 So.2d 943, 946 (Ala. 1988).
For the reasons stated, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs in the result.
[1] Yolanda Smith, a minor, sued through her next friends and parents, Ronnie and Darlene Smith. Stanley Pope was the driver of the vehicle in which Yolanda was a passenger.