[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 614 
Between August 1989 and January 1991, Evon Grider was employed as a knitter by Lowell McKenzie and Susan McKenzie, d/b/a McKenzie Hosiery. When Grider reported for work on the morning of December 19, 1989, the stairway used by the employees to enter and exit the building was icy. Alan McKenzie, another McKenzie Hosiery employee, was warning incoming employees about the icy condition of the stairway. Grider carefully made her way up the steps in order to enter the building without falling.
In the early afternoon, Randy Trotman, the Chief of Police of the Town of Henagar, arrived at McKenzie Hosiery and entered the building where Grider was working to serve her with a warrant for her arrest on a charge of theft of an automobile. After Trotman took Grider into custody, he did not handcuff or otherwise restrain her as he escorted her off the premises. Grider walked quickly ahead of Trotman and out the employees' door. Although Trotman warned Grider that the stairway outside the employees' door (the same stairway by which she had entered the building earlier that morning) was icy, Grider slipped and was injured on the ice.
Grider posted bond and returned to work the following day. She continued working, except during the Christmas break when the plant was closed, until mid-January. She then quit, claiming that the injury from her fall had caused numbness in her leg and ongoing back pain, which prevented her from lifting the yarn required for her job.
On May 8, 1991, Grider filed a complaint in the DeKalb County Circuit Court against Susan McKenzie and Lowell McKenzie, both individually and doing business as McKenzie Hosiery (collectively "McKenzie"), seeking workmen's compensation benefits, or, in the alternative, damages based upon wantonness and/or negligence.
In June 1992, McKenzie filed motions for summary judgment as to both the claim for workmen's compensation benefits and the claim for damages based on negligence and *Page 615 
wantonness. On October 9, 1992, the trial court entered an order granting McKenzie's motion for summary judgment as to the workmen's compensation claim, stating, in pertinent part:
 "The applicable law appears to be that the employee is entitled to workman's compensation benefits for an injury which occurs when entering or exiting the place of employment provided the acts are naturally related and incidental to the course of employment. . . .
 "The court concludes, however, that leaving the premises of one's employment in the custody of a police officer is not an act naturally related and incidental to one's course of employment and that the injury in question is not covered by the Workman's Compensation Act."
In April 1993, the case proceeded to trial before a jury on the claim for damages based on negligence and/or wantonness. At the close of Grider's case-in-chief and again at the close of all the evidence, McKenzie orally moved for a directed verdict as to Grider's claim for damages based on negligence and wantonness. The trial court directed a verdict in favor of McKenzie on the theory of wantonness and submitted the claim to the jury on the theory of negligence. The jury returned a verdict in favor of McKenzie.
On May 5, 1993, Grider filed a motion for a new trial and/or to alter, amend, or vacate the judgment as to her claim for workmen's compensation benefits, for damages based on the theory of wantonness, and as to the trial court's instruction to the jury regarding the defense of assumption of the risk. The trial court denied Grider's motion on June 17, 1993.
Grider appeals, contending (1) that the trial court erred in entering a summary judgment against her on the claim for workmen's compensation benefits; (2) that the trial court erred in directing a verdict against her on the wantonness claim; and (3) that the trial court erred in charging the jury as to the defense of assumption of the risk.
We first address whether the trial court erred in entering a summary judgment against Grider on her claim for workmen's compensation benefits. A reviewing appellate court employs the same standard utilized by the trial court when reviewing an entry of summary judgment. Southern Guar. Ins. Co. v. FirstAlabama Bank 540 So.2d 732 (Ala. 1989). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. Further, the moving party bears the burden of proof. Jones v.Newton, 454 So.2d 1345 (Ala. 1984). Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg.,Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala. 1990).
Section 25-5-31, Ala. Code 1975, provides:
 "When personal injury or death is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or in case of death, his personal representative, for the exclusive benefit of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer."
Thus, to be compensable under the Workers' Compensation Act, the injury to the employee "must arise out of and in the course of employment." Kennedy v. Cochran, 475 So.2d 872, 873-74
(Ala.Civ.App. 1985). The phrases "arising out of" and "in the course of" are separate prerequisites, both of which must be satisfied in order for the injured employee to recover. Alabama Power Co.v. Mackey, 594 So.2d 1238 (Ala.Civ.App. 1991). The phrase "arising out of" refers to the causal relationship between the employment and the injury, while the phrase "in the course of" refers to the time, place, and circumstances of the injury.Young v. Mutual Sav. Life Ins. Co., 541 So.2d 24
(Ala.Civ.App. 1989). *Page 616 
In order to meet the "arising out of' requirement, the employee must show a causal connection between the injury and the employment. Mackey, supra. More specifically, the injury must be rationally traceable to a proximate cause set in motion by the employment and not otherwise. Id. The causal connection must be definite; a showing "that the injury would not have occurred 'but for' the employment" is insufficient to establish the requisite causal connection. Pope v. Golden Rod Broilers,Inc., 539 So.2d 313, 315 (Ala.Civ.App. 1989).
"In the course of employment" includes " 'the movement of the employee in entering at the appropriate time . . . and [leaving] the premises at an appropriate time after the completion of [her] actual service.' " Hayes v. AlabamaBy-Products Corp., 242 Ala. 148, 152, 5 So.2d 624, 627 (1942) (quoting Sloss-Sheffield Steel Iron Co. v. Thomas, 220 Ala. 686,688, 127 So. 165, 166 (1930)). An injury occurring during such movement is compensable if the movement is "naturally related and incidental to the course of employment." Thompson, 522 So.2d at 286. The fact that the injury occurred on the employer's premises during work hours does not conclusively establish that the injury arose in the course of employment.Thompson.
In this case, it is undisputed that Grider's injury occurred as she was leaving her employer's premises before the contemplated, appropriate time for the completion of her duties and while she was under arrest for a crime unrelated to her employment. Grider's departure at such a time and under such circumstances cannot be said to have been naturally related and incidental to the course of her employment. See Thompson,supra; Hayes, supra. Instead, it was Chief Trotman, who, in making the arrest, set in motion the proximate cause of her injury.
We conclude that the trial court correctly determined that Grider's injury was not covered by the Workmen's Compensation Act and that McKenzie was entitled to a judgment as a matter of law.
We next consider whether the trial court erred in directing a verdict against Grider on her wantonness claim. Our supreme court has stated that "[w]hat constitutes wanton misconduct depends on the facts presented in each particular case."Smith v. Davis, 599 So.2d 586, 587 (Ala. 1992). Moreover, "[t]o be guilty of wanton conduct, one must, with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some known duty, and, to be actionable, that act or omission must produce the plaintiff's injury." Smith, 599 So.2d at 588. The plaintiff must show that the defendant acted or failed to act with some degree of conscious knowledge that injury was likely to result from the act or failure to act. Kelly v. M. Trigg Enters., Inc.,605 So.2d 1185 (Ala. 1992). Although the defendant's knowledge of the dangerous condition need not be shown by direct proof and can be inferred from the circumstances, the plaintiff must present substantial evidence that the defendant's conduct was wanton. Smith, supra; Bishop v. Poore, 475 So.2d 486
(Ala. 1985).
The uncontradicted testimony of Susan McKenzie and Lowell McKenzie was that they were not aware of the icy conditions on the employees' stairway on the date of Grider's injury, and that the entrance that they used was free from ice on the morning of Grider's injury. Moreover, knowledge of the icy conditions cannot be imputed to the McKenzies from the conduct of Alan McKenzie in warning Grider and other employees about the ice when they entered the workplace. See Smoot v. M. M.Ry., 67 Ala. 13 (1880). Both Susan McKenzie and Lowell McKenzie testified that Alan McKenzie was neither assigned to warn other employees, nor did he or anyone else report to the McKenzies at any time during the day about the icy condition of the stairway. Alan McKenzie was not a supervisor, nor did he own part of the business; he was merely a truck driver. Therefore, we conclude that Grider failed to present substantial evidence that McKenzie acted wantonly, and thus, the trial court did not err in directing a verdict on the theory of wantonness. SeeSmith, supra.
We now consider whether the trial court erred in charging the jury as to the defense *Page 617 
of assumption of the risk. The trial court's instruction to the jury provided, in pertinent part:
 "[T]he defendants also plead assumption of the risk, and they are entitled to prevail on this defense if they meet the burden of satisfying you from the evidence: Number one, that the plaintiff had knowledge of the existence of a dangerous condition; and two, that with appreciation of such danger she failed to exercise care for her own safety."
To successfully assert the defense of assumption of the risk, the defendant must show (1) that the plaintiff had knowledge of the defective or dangerous condition; (2) that the plaintiff appreciated the danger or risk presented by the condition; and (3) that the plaintiff voluntarily and affirmatively exposed herself to the danger or risk. Sprouse v. Belcher Oil Co.,577 So.2d 443 (Ala. 1991).
Grider objects to the instruction because, she says, "there was no showing or evidence, whatsoever, that [she] knew of any danger that she knowingly exposed herself to, at the time she left the premises and was injured." However, it is undisputed that as Chief Trotman escorted Grider out of the building, he warned her about the ice on the steps. Although she claimed that Chief Trotman's warning came too late for her to avoid falling, this claim presented a question of fact for the jury. Further, Grider admitted that she was aware of the ice when she carefully climbed the steps and entered the building approximately seven hours before her injury. Whether the lapse of seven hours affected her knowledge as to the icy conditions was also a question for the jury. Thus, we cannot hold that the trial court erred in charging the jury as to the defense of assumption of the risk. See Lawson v. Williams, 514 So.2d 882
(Ala. 1987).
Based on the foregoing, we conclude that the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.