MURDOCK, Justice
(concurring specially).
I concur in denying certiorari review in this workers’ compensation case. I do so because I find there to be no probability of merit, see Rule 39(f), Ala. R.App. P., in the petition of the employee, Johnnie L. Odom. According to a majority of the judges on the Court of Civil Appeals, Odom’s claim did not arise “out of’ or “in the course of’ his employment, as required by § 25-5-51, Ala Code 1975. See Mercy Logging, LLC v. Odom, 104 So.3d 908, 918 (Ala.Civ.App.2012). I write separately to explain that the reason I see no probability of merit in this petition is not the same as the reasons a majority of the judges of the Court of Civil Appeals found no merit in Odom’s position.
This case involves an employee of a logging firm who was bitten by a rattlesnake. The incident occurred after logging operations had ceased for the day — but were to resume on the same site the next morning — and while the employee, Odom, and two other employees were being transported in the employer’s “labor truck” to a service station where the employees routinely parked their cars in order for the employer to pick them up and transport them to the logging site. According to the opinion of the Court of Civil Appeals, the incident occurred after the labor truck had driven from the logging site in the direction of the service station some “two to three hundred yards” beyond a “Trucks Entering Roadway” sign the employees had retrieved. There was testimony that principals and employees of the logging *919 firm commonly stopped to kill snakes encountered on roadways near their logging sites because the employer and employees considered such snakes to pose a risk to the safety of those who would be present on the site. On this occasion, however, Odom was attempting to catch the rattlesnake when he was bitten. I refer the reader to the opinion of the Court of Civil Appeals for additional facts.
The opinion of the Court of Civil Appeals first addresses the “in-the-course-of’ requirement of § 25-5-51. I believe the analysis offered by the Court of Civil Appeals’ opinion takes an unduly restrictive approach. Under the circumstances presented in this case, I believe the activity undertaken by Odom was in fact undertaken “in the course of’ Odom’s employment. Compare Young v. Mutual Sav. Life Ins. Co., 541 So.2d 24, 26 (Ala.Civ.App.1989) (finding that a traveling salesman was injured “in the course of his employment,” despite the fact that he had left his car in order to pick blackberries on the side of the road).
In addition to the foregoing, I note that the opinion of the Court of Civil Appeals “question[s] whether an activity that produces ... a speculative and remote benefit to the employer,” 104 So.3d at 914, can satisfy the in-the-course-of requirement. The employer in this case, however, encourages efforts to kill snakes in the vicinity of its logging sites. I would steer away from characterizing the activity undertaken here as one producing “a speculative and remote benefit,” particularly when doing so would be at odds with the judgment of the trial court based on evidence received ore tenus. The opinion of the Court of Civil Appeals finds fault with a trial court’s decision that, according to the opinion of the Court of Civil Appeals, “assumes” that, “unless [the snake] was caught and removed from the roadway, the same snake would likely have been present on the job site 12 hours later when the logging crew arrived” for the next day’s work. 104 So.3d at 914.
In point of fact, what is at play is a judgment on the part of the employer and employees that there was a risk that, unless killed or removed, the particular snake might pose a danger to employees who would be present on the job site 12 hours later when the logging crew arrived for the next day’s work. I am unwilling to criticize the trial court’s conclusion that the removal of that risk at the time and place it occurred was an activity that was in the course of Odom’s employment.
Similarly, I cannot agree with the statement in the Court of Civil Appeals’ opinion that “even assuming that [the] job site was potentially benefited as a consequence of Odom’s ridding the area of one dangerous snake, that potential benefit appears to be outweighed by the potential detriment to [the employer] that could (and did, in this case) result from losing the services of a valued employee who might have been seriously injured.” 104 So.3d at 914. Perhaps the employer should not have approved of the activity, but it did so (and it did so based on some apparent reason). In any event, I find inapposite and I see no authority for the imposition of a “weighing” by a trial court or, especially, an appellate court of the “potential detriment” against the “potential benefit” of some activity in order to determine whether the activity is or is not “in the course of’ employment.
Finally as to the “in-the-course-of’ requirement, the Court of Civil Appeals’ opinion suggests that the activity undertaken by Odom does not satisfy this requirement because the dangerous element being removed from the area of the job site “presented no imminent threat,” 104 So.3d at 915, to an employee. I see no authority for the imposition of such a stan *920 dard. Concomitantly, I do not see how the removal of a risk to the safety of employees is any less in the course of employment merely because that risk is one that might manifest itself 12 hours later, rather than immediately.
Next, I turn to the treatment by the majority of the Court of Civil Appeals of the “arising-out-of’ requirement of § 25-5-51. The majority opinion of the Court of Civil Appeals states that we should
“focus on the occupational hazard that snakes present to [the employer’s] employees when employees are conducting logging operations in the woods. Odom’s injury, however, did not occur while he was conducting logging operations or while he was in the woods.”
104 So.3d at 916.
As to this reasoning, I would echo what I said above in reference to the “in-the-course-of’ requirement. The approach adopted by the majority of the Court of Civil Appeals injects a temporal element that should not be dispositive of the arising-out-of requirement. Again, whether the removal of a safety risk occurs 12 hours in advance of when the logging employees actually will be in the woods or only after they have already entered the woods would not seem to make any material difference. Indeed, to effectively remove the risk altogether, it would seem necessary to remove it before employees enter the woods, not “when” the employees already are in the woods.
Despite my disagreements with the majority opinion of the Court of Civil Appeals, I nonetheless conclude that there is no probability that Odom can demonstrate to this Court a satisfaction of the arising-out-of requirement. In my view, the real reason for this is that Odom’s undertaking to catch the snake rather than simply killing it (as he could have much more readily done), was in this case a “personal enterprise” that prevents his employment from being the “cause” of his injury. That is, I see no probability under the facts that Odom can demonstrate to this Court that the trial court reasonably could have found his injury to have “aris[en] out of’ his employment. See, e.g., Young v. Mutual Sav. Life Ins. Co., 541 So.2d at 26-27 (disallowing workers’ compensation benefits for a claimant who left his car to pick roadside blackberries and suffered an injury: “The possibility of slipping and falling into a roadside ditch is not a hazard peculiar to traveling salesmen. Clearly the claimant, although primarily carrying on his employer’s business, i.e., he continued on his route after the fall, had departed on his own personal enterprise at the time of the injury. Gumbrill v. General Motors Corp., [216 Minn. 351, 13 N.W.2d 16 (1944) ]. The injury sustained here was, thus, not causally connected with the claimant’s employment.” (emphasis added)); see generally Wooten v. Roden, 260 Ala. 606, 610, 71 So.2d 802, 805-06 (1954) (“[T]he words ‘arising out of involve the idea of causal relationship between the employment and the injury....”).